·Wash v. Heard.

THOMAS J. WASH v. WILLIAM B. HEARD.

The act of 1822, (Hutch. Co. 764, § 5,) provides that " in all cases whatever, where a suit is, or shall be pending in a superior court of chancery or other court of equity, concerning any matter or thing whatever, against any absent defendant, the court may, upon satisfactory proof to them made, that such

defendant or defendants is or are out of the State, or that upon inquiry at his, her, or their usual place of abode, he, she, or they could not be found, make any order similar to that which is directed to be made in case of absent debtors, &c., a copy of which order shall be published in like manner as is directed in case of absent debtors," &c. *Held*, that the language of this section has reference to parties resident here, but temporarily absent from the State or from their places of abode, so that they cannot be found on inquiry there, and does not embrace non-resident defendants, for in this sense, the term "absent," in the first part of the section, is to be understood.

The act of 1821, (Hutch. Co. 756, § 20), provides for notice to absent defendants, by publication in a newspaper, and has reference to non-resident parties to a suit.

The bill filed, though not sufficient as a technical bill of review, is sufficient in substance to entitle the party filing it to a rehearing, and to be let in to answer and defend the original bill.

ON appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The facts of the case will be found in the opinion of the court.

*L. V. Dixon* for appellant.

The record shows that on the 16th day of January, 1849, the appellant obtained a decree against William B. Heard, the appellee, for certain lands, and that in the decree is an order for *habere facias possessionem;* the decree was obtained upon proof of purchase at sheriff's sale by appellant upon bill confessed.

The defendant has filed his bill of review, in which he states that, at the time of the order of publication against him upon which the *pro confesso* was taken, he was a citizen of Greene county, Ala., but charges that the proceeding was irregular, because the bill alleged he was a citizen of Lauderdale county, and because he never saw the publication, or had a subpœna run against him to said county, that after the filing of the bill an affidavit was filed showing his non-residence, and charges the issuance of the writ of possession as erroneous.

A demurrer was filed to this bill, which was overruled, and an appeal was granted to Wash.

I do not think this is a case upon which the court will sustain a bill of review, and will endeavor to show some reasons

34*

Wash *v.* Heard.

for this opinion. It is laid down as a rule, (which has obtained in the practice of our courts,) by Lord Bacon, that no bill of review shall be admitted, except it contain either error in law, appearing in the body of the decree, without further examination of the matter of fact, or some new matter which hath arisen in time after the decree, and not any new proof which might have been used when the decree was made. Story, Eq. Pl. 424, § 404.

These are the only cases in which a bill of review will be sustained, unless perhaps upon a charge of fraud in obtaining the decree, or mistake in some material point.

There is but one error charged in the body of the decree, and that is the ordering the writ of possession to issue. This, it may be, was superfluous, but cannot be said to be error. The statute makes it obligatory upon the clerks of courts, upon decrees and judgments for land, to issue this writ without a formal order for the purpose. Hutch. Co. 763, § 60.

Has any new matter arisen since the decree which the defendant might urge in his behalf? None is alleged, but merely, that if permitted, he can introduce proof which existed when the decree was made, and which he then might have availed himself of, but did not do so. No fraud or mistake is alleged in the proceeding of the decree, and consequently there is nothing upon which a bill of review can be maintained. The allegation, that the complainant introduced no proof to sustain his bill of complaint, will not do. The chancellor thought differently, and ordered the decree. This allegation of want of proof might have availed the defendant upon writ of error, but surely this court will not undertake to remedy that matter by the admittance of the present proceeding.

In the argument of the demurrer in this case, the court was confined, or ought to be, to the consideration of errors of law in the decree upon its face. Daniell, Ch. Pr. 1738; Story, Eq. 426. And if no errors of law are discovered in the decree, the only remedy is by appeal or writ of error to a superior tribunal. *Dexter* v. *Arnold*, 5 Mason, R. 311; *Mellish* v. *Williams*, 1 Vern. R. 166; *O'Brien* v. *Conner*, 2 Ball & Beat. 146, 154; Story, Eq. 126.

Wash *v.* Heard.

The bill, as a bill of review, is defective in another particular, which I will bring to the attention of the court.

It is indispensable to a bill of this nature, that the party seeking the remedy shall show that he has performed the decree, or, that to perform it is an impossibility; or, upon a proper showing to the court that he is unable to perform it, the court gives him relief in this particular.   Story, Eq. 425, § 406; Cooper, Eq. 90; Daniell, Ch. 1730; *Wiser* v. *Blackley*, 2 Johns. Ch. R. 488; *Livingston* v. *Hubbs*, 3 Ib. 124; Lubi, Eq. 139; *Mellish* v. *Williams*, 1 Vern. 117.

In this latter case, 1 Vern. 117, this language is used by the court: " Even before the statute for special bail, on a writ of error, the writ was not such a suspension of the judgment, but that a man might nevertheless have had an action of debt on it, but I do not think there is any sound argument to be drawn from such comparison.   In this case, the decree shall be performed to a title before the bill of review be allowed, unless the plaintiff will swear himself not able to perform the decree," &c.

The bill, in this case, does not pretend that the decree has been performed, that it is impossible to perform it, or that the plaintiff is unable to perform it; and upon this ground, I insist that the bill be dismissed, and if the plaintiff feels himself aggrieved, let him resort to the legitimate remedy of an appeal or writ of error.

*T. J.* and *F. A. R. Wharton* for appellee.

The decree originally rendered in this case, was not upon even an *ex parte* exhibition of facts, and the defendant was not notified of the pendency of the proceedings, although claiming title under a deed of older date than the complainant's, nor was any fraud proven in its execution.

This question has been expressly decided in a case precisely similar.   *Zecherie* v. *Bowers*, 3 S. & M. 641, 645.   That was a bill in chancery against a non-resident defendant who had been made a party by publication.   This court there say, " The complainants brought their case to a hearing upon a *pro confesso* order, and sought to sustain it upon proof of publication in a newspaper alone.   The statute requires in express terms, that

there shall be a copy of the order posted at the front door of the court, besides a publication in some public newspaper. It is the uniform and unbroken course of decision, that under all statutes which authorize the substitution of some other means for personal service of process, as a foundation for the jurisdiction of the court, the most exact compliance with these requisitions will be enforced. Unless such compliance be shown affirmatively, the proceeding will not be sustained." To the same effect was the case of *Gwinn* v. *McCarroll,* 1 S. & M. 351.

Mr. Justice HANDY delivered the opinion of the court.

The appellant filed his bill in the superior court of chancery against the appellee, who was alleged to be a citizen of this State. Afterwards, upon affidavit of his non-residence, publication in a newspaper was ordered and made, and a *pro confesso* taken, and final decree rendered in favor of the complainant in January, 1849. In July, 1849, the defendant filed his bill of review, in which he complains of the following errors in the decree, namely, that he had no notice of the pendency of the suit; that he was never served with a subpœna, and never saw the publication which was made; that at the time the publication was made he was a citizen of Alabama, and the bill was filed against him as a citizen of Lauderdale county, Mississippi; that the decree is further erroneous in setting aside the title of defendant without proof of fraud, and in awarding to the complainant a writ of possession of the land, without evidence of legal title to the land in complainant. He prays that the decree be set aside and reversed, and that he may be permitted to defend his title and answer the bill, which he alleges he will be able to do successfully. To this bill the appellant filed a demurrer, which was overruled, and from that order this appeal is taken.

The first question for consideration is, whether this bill was sufficient as a technical bill of review.

The only ground of error alleged in the bill to exist in the decree, and having any force, and that which is most relied upon in support of the bill, is, that the decree was rendered without the notice required by law having been made. On this point it

Wash *v.* Heard.

is insisted, that it was necessary not only to make publication, as to the non-resident defendant, in a newspaper, which was done, but that a copy of the order should also have been posted at the front door of the court; and that for the want of both publication and posting, the notice was insufficient, and the decree founded on the publication alone was irregular. This construction is founded on the second section of the act of 1822, Hutch. Code, 764, and the fifth section of the same act. The first two sections of this act relate expressly to proceedings in equity against absent debtors, having property or effects in this State, and gives in such cases the remedy of attachment in chancery, and the second section requires both publication and posting. The fifth section has a more extensive application. It provides that " in all cases whatever, when a suit is or shall be depending in a superior court of chancery, or other court of equity, concerning any matter or thing whatever, against any absent defendant, the court may, upon satisfactory proof to them made, that such defendant or defendants is or are out of this State, or that upon inquiry at his, her, or their usual place of abode, he, she, or they could not be found, make any order similar to that which is directed to be made in case of absent debtors, &c., a copy of which order shall be published in like manner as is directed in case of absent debtors," &c.

At the first view, this section would appear to apply to all suits in chancery in which an absent or non-resident defendant might be a party. But, upon closer examination, it will be found to relate only to defendants having their residence in this State, and who are absent from the State, or cannot be found at their usual place of abode upon inquiry. The provision is, that the court shall order the publication, as directed in the previous section of the act, " on satisfactory proof made that such defendant is out of this State, or that upon inquiry at his usual place of abode he could not be found." This language clearly has reference to parties resident here, but temporarily absent from the State, or from their place of abode, so that they cannot be found on inquiry there, and does not embrace non-resident defendants; and in this sense the term " absent," in the first part of this section, is to be understood.

The correctness of this construction is manifest from the reason of the thing, and from other legislative provisions touching the same subject. There is good reason for providing, in case of defendants residing in this State, but absent for the time being, or not to be found at their places· of abode, in addition to a publication in a newspaper, that notice of the suit should be put up at the court-house door, because that would be a very probable mode of informing them of the suit. But it must in all reason be a very useless act to attempt to give notice to a non-resident defendant, by posting such a notice at the court-house door; for the probability is very remote that he would ever see or know of it.

As to other legislative provisions, the act of 1821, Hutch. Code, 756, § 20, provides for notice to absent defendants, by publication in a newspaper, and has reference to non-resident parties. They are designated as "absent" defendants; but this statute must have been intended to apply to parties residing out of· this State, because otherwise there is no provision made for giving notice to non-resident defendants, and, moreover, this statute would embrace no further description of persons than the fifth section of the act of 1822 above mentioned. Such a construction must be adopted as to give effect to both statutes, and to make provision for both classes of parties, and this can only be done by holding the act of 1821 to apply to non-residents, and the act of 1822 to apply to resident defendants temporarily absent from the State, or their usual places of abode.

In addition to these views, this construction has been acquiesced in by long practice in the chancery court; a consideration entitled to great weight. Important rights have accrued under it, which would doubtless be greatly prejudiced to the injury of innocent parties, by holding that this established practice of that court was unwarranted in law; and the construction which has sanctioned such a practice should be sustained, except when it is founded on a clear violation of law.

We do not, therefore, think that this is a sufficient ground to sustain this bill as a bill of review; and there are other grounds which render it insufficient as a technical bill of review.

But we are of opinion that the bill, though not sufficient as a

technical bill of review, is sufficient in substance to entitle the party to a rehearing, and to be let in to answer and defend the original bill under the provisions of the 4th section of the act of 1822, Hutch. Code, 765, and that it was properly entertained by the chancellor for that purpose.

The decree is, therefore, affirmed, and the case remanded, to be proceeded with under the provisions of the 4th section of that act.