HAMDEN J. McKEY v. COBB & MANLOVE.

1. CHANCERY: ATTACHMENT: NOTICE TO NON-RESIDENT DEFENDANT.—In proceedings against non-resident debtors by attachment in chancery, under the Act of June 7, 1822, Hutch. Dig. 764, it is necessary that the notice should be posted on the court-house door, as well as published in a newspaper.

2. SAME: GARNISHEE MAY OBJECT TO WANT OF NOTICE TO NON-RESIDENT DEFENDANT.—The garnishee in an attachment bill in chancery, has the right, for his own protection, to insist that legal notice of the proceeding shall be given to the non-resident defendant; and a decree rendered without such notice will be reversed at the instance of the garnishee.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

*W. S. Wilson* and *John D. Freeman,* for appellant,

Insisted that the notice to Burke was defective, in not having been posted on the court-house door, as required by the second section of the Act of 1822, Hutch. Dig. 764.

*George L. Porter* and *D. Mayes,* for appellees,

Relied upon *Wash* v. *Heard,* 5 Cushm. 406, as an authority for the sufficiency of the notice.

HANDY, J., delivered the opinion of the court.

This was a bill filed by way of attachment in chancery, by the appellees, as creditors of Glendy, Burke & Co., non-residents of this State, against the appellant and others alleged to be indebted to Glendy, Burke & Co. Upon proper proof made, of the non-residence of Glendy, Burke & Co., an order was made by the chancellor, requiring them to appear and defend the bill by a stated time, and directing that the order should be published in a newspaper in the State, for a specified period; and the publication was made accordingly. No appearance was entered nor defence made to the suit, by the non-resident defendants; but the appellant answered and judgment *pro confesso* was taken against the non-residents. Upon final hearing, a decree was rendered establishing the appellees' debt against Glendy, Burke & Co., and the appellant's indebtedness to them, and decreeing that the appellant should pay to the appellees the amount of his indebtedness. And from that decree this appeal is taken.

It is now insisted that the decree is erroneous, because it was made without the notice to the non-resident defendants required by law, the notice given being by publication in a newspaper alone, whereas the statute requires that a copy of it should be posted at the front door of the court-house, Hutch. 764, sect. 2. On the contrary, it is contended that no further notice was required than that by publication; and the case of *Wash* v. *Heard,* 27 Miss. 400, is relied upon to sustain the position. But that case holds the reverse of this, with reference to cases of attachments in chancery against non-resident debtors, and that under the provisions of the second section of the statute referred to, both publication and posting at the front door of the court, are required in cases like the present. And such appears to be the positive requirement of the statute in such cases.

But a different rule is there held to apply to suits in chancery generally, against non-residents, under the provisions of the fifth section of the same Act, which requires that, in cases embraced in that section, against non-residents, merely that "a copy of the

order shall be *published* in like manner as is directed in case of absent debtors." But the mode of notice in cases of attachments in chancery against non-residents is recognized as expressly prescribed by the second section of the Act, and that in such cases both publication in a newspaper and posting are required.

The notice in this case was, therefore, insufficient, and the decree must be held erroneous for want of the notice necessary to give jurisdiction of the non-residents.

It is true that this error in the proceedings is insisted upon, not by the parties against whom it was directly committed; but the liability of the appellant is dependent upon proper and legal steps being taken to charge the parties originally liable to the appellees, and he has the right to insist upon the regularity of all proceedings against the non-residents as a protection to himself and as a justification for performing the decree which may be rendered against him.

Under the circumstances of the case, the bill will not be dismissed, but the decree will be reversed, the *pro confesso* against the non-residents set aside, and the case remanded to the chancery court of Copiah county for further proceedings.