LOVE, SUPERINTENDENT OF BANKS, *v.* FULTON IRON WORKS.

(Division A. March 21, 1932.)

[140 So. 528. No. 29899.]

Flowers, Brown & Hester, and **F. W. Bradshaw**, all of Jackson, for appellant.

**Ford & McGehee,** of Columbia, and **E. B. Patterson,** of Monticello, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

The bank of Monticello became insolvent and was taken over, and its affairs were being liquidated, by the appellant as superintendent of banks. The appellee filed a petition in the liquidation proceeding setting forth that the bank had in its possession money belonging to it, and praying that it be given a preference therefor in the distribution of the bank's assets. This preference was granted by the court below.

The appellee, doing business in St. Louis Missouri, sold to the T. E. Stephenson Sand & Gravel Company of Monticello, Mississippi, certain machinery for seven thousand two hundred thirty-four dollars, of which two thousand seven hundred seventeen dollars was to be paid in cash and the balance to be evidenced by promissory notes. The machinery was shipped by the appellee, to Monticello consigned to its own order. It attached to the bill of lading therefor a draft on T. E. Stephenson Sand & Gravel Company for two thousand seven hundred seventeen dollars and deposited it in a bank for collection, the bill of lading to be delivered to the Stephenson Company on payment of the draft and execution of the promissory notes for the deferred payments on the machinery. The draft and accompanying papers were forwarded by the depository bank to the Bank of Monticello for collection, which bank collected the draft, obtained the signature of the Stephenson Company to the notes, and delivered to it the bill of lading for the machinery. Thereafter and before the expiration of the ninety-six hours during which the bank was prohibited from remitting to cover the collection, under section 7106, Code 1930, the Stephenson Company sued out an attachment in chancery, under section 173, Code 1930, against the

bank and the appellee. While this suit was pending, the bank became insolvent and was taken over by the state banking department. A bond was executed by the appellee, and, by agreement, a decree was rendered in the attachment suit discharging the bank from liability therein, and permitting it, or rather the appellant who had been substituted as defendant in the attachment suit in the bank's place, to account to the appellee for the money collected on the draft.

A petition was then filed by the appellee setting up the foregoing facts, and alleging that the Bank of Monticello simply acted as its agent in collecting the draft and held the proceeds thereof in trust for it.

When the Bank of Monticello collected the draft, the relation of principal and agent which had theretofore existed between it and the appellee, or rather the bank with which the appellee had deposited the draft for collection, and which had forwarded it to the Bank of Monticello, ceased, and the Bank of Monticello thereupon became the debtor of the forwarding bank, or of its principal, the appellee—which of them is of no consequence as no point is made thereon. Love v. Federal Land Bank, 157 Miss. 52, 127 So. 720.

But it is said by counsel for the appellee that because of section 7106, Code 1930, which prohibited the Bank of Monticello from remitting the proceeds of the draft for ninety-six hours, and the attachment in chancery thereafter begun by the Stephenson Company under section 173, Code 1930, the relation of the Bank of Monticello to the appellee was changed from that of debtor and creditor, and the bank becomes a trustee of the money, charged with the duty of disposing of it in accordance with a decree of the court in the attachment suit.

In this, counsel are in error. Neither the first-mentioned statute, nor the attachment suit, changed the relation existing between the Bank of Monticello and the ap-

pellee. They simply prevented it from paying its debt to the appellee, until released from the attachment lien, except at its peril. Alexander County National Bank v. Conner, 110 Miss. 653, 70 So. 827.

The answer of the Bank of Monticello in the attachment suit admits that "it has in its possession the cash . . . as alleged in said bill of complaint," and in the appellee's petition for a preference, it is said that the bill of complaint in the attachment suit alleged that this money was being held by the Bank of Monticello as the property of the appellee herein. This, it is argued, constitutes an admission by the bank that it was not the debtor of the appellee, but simply had in its possession money belonging to, and which it was holding in trust for it.

What the bank did in the attachment suit, without the appellee's participation therein, could, in no way, change the relation that existed between them with reference to this money. The law fixed that relation as debtor and creditor, which relation could be changed only by agreement of the parties either express or implied.

The decree of the court below will be reversed, and the petition dismissed.

Reversed and dismissed.