BEAN *v.* BEAN *et al.*

(Division A. March 20, 1933. Suggestion of Error Overruled May 1, 1933.)

[147 So. 306. No. 30480.]

**Alexander, Alexander & Satterfield,** of Jackson, for appellant.

**Green, Green & Jackson,** of Jackson, for appellee, Louisiana Oil Corporation.

438

**Cook, J.**, delivered the opinion of the court.

Mrs. Jenny E. M. Bean, a resident of the state of Illinois, filed this suit by way of an attachment in the chancery court of Hinds county, Mississippi, against Fred A. Bean, a resident of the state of Alabama, as principal defendant, and the Louisiana Oil Corporation, a nonresident corporation authorized to do and doing business in the state of Mississippi, as a defendant alleged to be indebted to, and to have in its hands effects of, the said principal defendant. The bill of complaint was based upon certain alleged judgments or decrees in favor of the complainant and against the principal defendant, and set up the nonresidence of the principal defendant, and that the garnishee defendant, Louisiana Oil Corporation, had in its possession effects of, and was indebted to, the said nonresident defendant. There was personal service of process on the resident agent of the said Louisiana Oil Corporation and publication for the

nonresident debtor. The Louisiana Oil Corporation, garnishee defendant, appeared specially and moved to quash the attachment and dismiss the bill of complaint, which was sustained, and from the decree entered this appeal was prosecuted.

The motion to quash with the exhibits thereto set up that the indebtedness of the Louisiana Oil Corporation to the defendant Fred A. Bean arose by reason of a contract of employment made and executed in the state of Alabama; that under said contract the said Bean was to perform certain duties for the said corporation in the state of Alabama; that any indebtedness from the corporation to the defendant Bean was payable only by virtue of said contract between nonresidents of Mississippi; that the performance of said contract was to be wholly in the state of Alabama where the said Bean had a fixed and permanent residence; that the payment of such indebtedness to the said Bean was fixed by said contract of employment at the place of residence of said Bean in the state of Alabama; that the funds for the payment of said indebtedness were never within the state of Mississippi, and that the said Fred A. Bean had filed suit against the said corporation in a court of Jefferson county, Alabama, claiming said indebtedness; all as shown by an exemplification of the record of said suit then pending filed as an exhibit to the motion. The motion further averred that the garnishee defendant was a corporation organized under the laws of the state of Delaware, but doing business in both the states of Mississippi and Alabama, and that under the facts stated the chancery court of Hinds county, Mississippi, was without jurisdiction to require answer of the garnishee defendant, and that to require such an answer would be violative of the Fourteenth Amendment to the Constitution of the United States and section 14 of the Constitution of Mississippi. The record of the suit filed in the Alabama court against

the said Louisiana Oil Corporation shows that it was begun long after this suit was instituted in the chancery court of Hinds county, Mississippi.

The motion to quash set up other grounds, but none are pressed or presented here except the construction of the attachment in chancery statutes as set forth in sections 173 to 178, inclusive, of the Code of 1930, and their applicability to the facts set forth in said motion. The opinion of the chancellor upon which the decree is based, and the argument of counsel in support thereof, are directly in conflict with the holding of this court in the case of Southern Pacific Railroad Company v. A. J. Lyon & Co., 99 Miss. 186, 54 So. 728, 34 L. R. A. (N. S.) 234, Ann. Cas. 1913D, 800, wherein the court held that, ''if the garnishee be found in this state and process be personally served upon him therein, the court acquires jurisdiction over him, and can garnish the debt due from him to the debtor of plaintiff, and condemn it, provided the garnishee could himself be sued by his creditors in this state, regardless of the original situs of the debt outside of the state.'' The decision in the Lyon Case, supra, was based largely upon the case of Harris v. Balk, 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084, wherein it was held that ''the temporary presence of the garnishee within the state gives a court of that state jurisdiction to render judgment against him in the garnishment proceedings upon personal service of process within the state, if, during such temporary presence in the state, the principal debtor could have sued him there to recover the debt, and the laws of the state permit the garnishment of a debtor of the principal debtor.'' In the Lyon Case, after quoting at length from the opinion in Harris v. Balk, supra, this court said: ''There does not appear to us, after the most mature consideration, any satisfactory answer possible to be made to the force of the reasoning in this case.''

The appellee, however, seeks to have us overrule Southern Pac. Railroad Company v. Lyon, supra, on the ground that it is based upon Blackstone v. Miller, 188 U. S. 189, 23 S. Ct. 277, 278, 47 L. Ed. 439, which has since been overruled by the Supreme Court of the United States. We think the assumption that the Lyon Case was based primarily upon the case of Blackstone v. Miller, supra, is erroneous. The court there quoted at great length from the reasoning of the court in Harris v. Balk, and after expressly overruling the case of Railroad Company v. Smith, 70 Miss. 344, 12 So. 461, 19 L. R. A. 577, 35 Am. St. Rep. 651, and all other cases in this state holding that same doctrine, stated that we "now declare the rule on this subject in this state for the future to be that announced in the case of Harris v. Balk, 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023 [3 Ann. Cas. 1084], supra."

The case of Blackstone v. Miller, supra, which has since been overruled, dealt with the right of a state to tax a transfer, under the will of a nonresident, of debts due the decedent by its citizens. After reaching the conclusion that such a transfer was subject to taxation in New York "not because of any theoretical speculation concerning the whereabouts of the debt, but because of the practical fact of its power over the person of the debtor," the court there further stated that "the principle has been recognized by this court with regard to garnishments of a domestic debtor of an absent defendant," citing in support of that announcement Chicago, R. I. & P. R. Co. v. Sturm, 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144. Blackstone v. Miller, supra, does not appear to rest primarily upon the principle applicable to garnishment of a domestic debtor of an absent defendant, but this principle was merely cited as being analogous. In Harris v. Balk, supra, Blackstone v. Miller is cited as recognizing the principle therein announced that, "if there be a law of the state providing for the attachment

of the debt, then, if the garnishee be found in that state, and process be personally served upon him therein, . . . the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff, and condemn it, provided the garnishee could himself be sued by his creditor in that state."

The case of Farmers Loan & Trust Co. v. Minnesota, 280 U. S. 204, 50 S. Ct. 98, 74 L. Ed. 371, 65 A. L. R. 1000, which overruled Blackstone v. Miller, supra, was one involving the situs of property for purposes of taxation, that is, the right of a state to impose an inheritance tax on obligations of the state or its municipalities, owned by a resident of another state, in which they were subject to an inheritance tax. The court was there dealing solely with questions of taxation, and we do not understand that in overruling the principles announced in Blackstone v. Miller applicable to taxation, it was intended to disturb the principles applicable to attachment and garnishment of domestic debtors of absent defendants, as announced in the case of Harris v. Balk, supra, and the line of cases supporting the views therein expressed.

Whether or not the garnishee could himself be sued by his creditor in that state is recognized by the cases, as well as text-writers, as a determinative test of jurisdiction under the laws of a state authorizing attachment of a nonresident debtor by garnishment of a local debtor of the absent debtor. Harris v. Balk, supra. In section 484 of Griffith's Mississippi Chancery Practice this rule or test is announced in the following language: "In an attachment in chancery against a nonresident principal debtor, a debtor of the said debtor may be garnished, that is to say may be made the co-defendant in the suit, if the principal debtor could have sued his said debtor here; and the court will have jurisdiction even if the garnishee debtor was also a nonresident; provided of

·course personal service was validly obtained on the debtor of the debtor.''

The garnishee defendant, Louisiana Oil Corporation, was organized under the laws of the state of Delaware, but was ''found doing business'' in this state, and was therefore subject to suit in this state. Section 4166, Code 1930. A nonresident creditor of said Louisiana Oil Corporation could have sued such corporation in this state. In the case at bar personal service of process was had upon the proper agents of said garnishee defendant, found doing business within the territorial jurisdiction of the court, and we think the court thereby acquired jurisdiction over it to require an answer in accordance with the statute, and to condemn any indebtedness due from it to the debtor of appellant. The decree of the court below therefore will be reversed and the cause remanded.

Reversed and remanded.