**WEBSTER v. BISHOP.**

**BISHOP v. WEBSTER.**

Nos. 6599, 6600.

Circuit Court of Appeals, Sixth Circuit.
April 19, 1935.

C. L. Sumners, of Corinth, Miss., for appellant.

Victor Woerner, of Jackson, Tenn. (Hu C. Anderson, of Jackson, Tenn., and J. I. Galbraith, of Henderson, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Action by Receiver of the First National Bank of Corinth, Mississippi, against A. G. Bishop, for the amount of a check for $2,649.26 drawn by Bishop and deposited by the payee in the First National Bank, and a cross-complaint by Bishop against the Receiver for the amount of two drafts, representing the value of 190 negotiable warehouse cotton receipts. A jury trial was waived in writing. The court found for the Receiver in the sum of $2,649.26, the face value of the check drawn by Bishop, and in favor of Bishop in the sum of $2,946.09 on his cross-action.

The case arises out of the following facts, which are stipulated: ·

Bishop, a cotton merchant at Henderson, Tennessee, sold 190 bales of cotton to the Striplin Cotton Company, a regular customer, at Corinth, Mississippi, and drew upon it for $2,725.10 and $2,992.15, each draft having corresponding warehouse receipts attached. The drafts were payable on demand to the order of the People's Savings Bank of Henderson, Tennessee, and were deposited by Bishop with that bank for collection. The two drafts reached the Corinth State Bank on the morning of November 19, 1931, and were by it presented at the First National Bank of Corinth. The Striplin Cotton Company accepted the drafts and they were charged to its account in the First National Bank.

On the same day the Striplin Cotton Company complained to Bishop that 88 bales of the cotton were below grade, and stated that the two drafts had been paid by charging them to the company's account in the First National Bank. Bishop thereupon took back the warehouse receipts for the 88 bales, and delivered to the Striplin Cotton Company his check for $2,649.26, drawn on the People's Savings Bank of Henderson, Tennessee. This check was deposited by the Striplin Cotton Company in the First National Bank of Corinth.

Taking into account all items of clearance between the Corinth State Bank and the First National Bank of Corinth on November 19, 1931, there was a difference of approximately $11,200 in favor of the Corinth State Bank. The First National Bank, during banking hours, delivered to the Corinth State Bank its draft for this amount, drawn on the Bank of Commerce and Trust Company of Memphis, Tennessee. Later, upon the same evening the First National Bank placed its affairs in the hands of the

832

Comptroller of Currency, the appellant and cross-appellee being named Receiver. The next morning both the First National Bank and the Corinth State Bank failed to open. The People's Savings Bank of Henderson then charged the two drafts drawn by Bishop back to his account, and Bishop stopped payment on his check for $2,649.26. The draft for $11,200 payable to the Corinth State Bank was dishonored.

Prior to the closing of the First National Bank, the Striplin Cotton Company drew upon the Anderson-Clayton Company for $2,946.09, attaching to the draft 100 of the warehouse cotton receipts delivered to it by Bishop, and deposited the draft and warehouse receipts in the First National Bank. This draft was paid and the proceeds were later remitted to the Receiver.

As to the action filed by the Receiver, Bishop is liable for the amount of his check given to the Striplin Cotton Company for the 88 bales of cotton returned to him. The return of the cotton constituted consideration, and upon the deposit of the check, the bank became the holder thereof in due course. The judgment of the District Court was correct upon this point.

The District Court held that the delivery of the 100 warehouse receipts attached to the draft upon the Anderson-Clayton Company was ineffective to pass title, and that the funds of the First National Bank had been augmented by the proceeds of Bishop's property in the amount represented by the 100 bales of cotton, and gave judgment against the Receiver for that amount, allowing a preference. This holding was erroneous. Title to this cotton had passed to the Striplin Cotton Company before the transaction with the Anderson-Clayton Company. It is stipulated that Bishop sold 190 bales of cotton to the Striplin Cotton Company, and the negotiable warehouse receipts therefor were delivered to the Striplin Cotton Company. Bishop recognized title as being in the Striplin Cotton Company by paying for the 88 bales of cotton returned.

Since title to the cotton had passed at the time of the transaction with the Anderson-Clayton Company, the proceeds of that transaction did not belong to Bishop. The funds of the First National Bank were not augmented by funds belonging to Bishop, arising out of the delivery of these 100 warehouse receipts.

The answer and cross-complaint of Bishop presents two legal questions: (1) Whether the Receiver is liable to Bishop in the amount of the two drafts, or for any amount; (2) whether, if the Receiver is liable, the amount should be allowed as a preference.

While Bishop sets up that the First National Bank knew at the time of these various transactions that it was absolutely insolvent, that the drafts would not be paid, and that it obtained possession of the 100 warehouse receipts in the transaction with the Anderson-Clayton Company through unlawful means, there is no evidence in the record conclusively requiring such inference. The First National Bank charged the amount of the two drafts to the Striplin Cotton Company's "Cotton Account" in the ordinary course of business, and endeavored, apparently in good faith, to pay the amount of these drafts through the draft for $11,200 covering all items of clearance between it and the Corinth State Bank.

The Receiver urges that Bishop did not own the drafts, and therefore is not entitled to bring this action. However, the answer and cross-complaint alleged, and the reply admits, that both of these drafts were deposited with the People's Savings Bank of Henderson for collection. Hence the relationship between the People's Savings Bank and Bishop was one of agency [Keyes v. Paducah & Illinois Rd. Co., 61 F.(2d) 611, 86 A. L. R. 203 (C. C. A. 6)] and title to the paper remained in Bishop pending collection.

Also Bishop is entitled to recover from the Receiver on these drafts. They were accepted by the Striplin Cotton Company and charged to its "Cotton Account" in the First National Bank. The drafts were presentable at the First National Bank. When the bank charged the Striplin Cotton Company's account, it assumed the liability of the Cotton Company for the amount of the drafts, and became liable in that amount to Bishop. The issuance of the draft for $11,200 in favor of the Corinth State Bank, while it included the amount of the two drafts drawn by Bishop, did not constitute payment. Cleve v. Craven Chemical Co., 18 F.(2d) 711, 52 A. L. R. 980 (C. C. A. 4); Dow v. Cowan, 23 F.(2d) 646 (C. C. A. 8). The Receiver, therefore, is liable to Bishop for the unpaid drafts, and the court erred in not rendering judgment against the receiver in the sum of $5,717.25.

As to the second question, no preference is allowable. When the First National Bank charged the two drafts to the account of the Striplin Cotton Company, it simply assumed an obligation of the Striplin Cotton Company, and there was no augmentation of its assets. No funds came into its possession from the transaction. Blakey, Recr., v. Brinson, 286 U. S. 254, 52 S. Ct. 516, 76 L. Ed. 1089, 82 A. L. R. 1288.

The Receiver is entitled to judgment for $2,649.26 upon Bishop's check. Bishop is entitled to judgment upon his cross-complaint for $5,717.25. The judgment of the District Court is reversed and the cause remanded for further proceedings consistent herewith.