LUCAS *v.* LOUISVILLE HOME BANK.

(Division B. April 22, 1935.)

[160 So. 905. No. 31680.]

W. W. Magruder, of Starkville, for appellant.

W. A. Strong, Jr., of Louisville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

W. Y. Lucas owned and operated a Ford dealer's business at Starkville, Mississippi, conducted under the name of the "Starkville Auto Company." Some time prior to December 31, 1930, the Starkville Auto Company had sold a Ford truck to the Louisville Coca-Cola Company for future delivery through the Service Motor Company operated by J. L. Lucas, father of W. Y. Lucas. On or about December 31, 1930, the truck arrived, and it was necessary for the Starkville Auto Company to pay three hundred fifty dollars to obtain said truck. To accomplish this, the Starkville Auto Company deposited its draft for three hundred fifty dollars in the Security State Bank of Starkville, same being drawn on Service Motor Company through Louisville Home Bank, and sent through a Memphis bank to the Louisville Home Bank, which draft reads as follows:

"350.00      Security State Bank.
                    "Starkville, Miss., Dec. 31, 1930.

"At sight pay to the order of Security State Bank, Starkville, Miss., three hundred fifty and 00/100 dollars. Value received and charge to account of, with exchange, Starkville Auto Co. J. W. Eckford, Jr. To Service Motor Co., Louisville, Miss. Louisville Home Bank."

This draft was indorsed by the Security State Bank, Starkville, Mississippi, to the order of any bank, banker, or trust company, with prior indorsements guaranteed, and by the Bank of Commerce & Trust Company of

Memphis, Tennessee, and marked "Paid." The deposit certificate of the Security State Bank of Starkville, Mississippi, contained said three hundred fifty dollars draft with other items, and read as follows: "In receiving items for deposit or collection, this bank acts only as depositor's collecting agent, and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. This bank will not be liable for default or negligence of its duly selected correspondents, nor for losses in transit, and each correspondent-so selected shall not be liable except for its own negligence. This bank or its correspondent may send items, directly or indirectly, to any bank, including the payor, and accept its draft or credit as conditional payment in lieu of cash; it may charge back any item at any time before final payment, whether returned or not, also any item drawn on this bank not good at close of business on day deposited."

When the draft reached the Louisville Home Bank, J. L. Lucas, who owned the Service Motor Company, was notified thereof. Prior to that time he had received a check from the Louisville Coca-Cola Company for four hundred dollars, and, when he received the notice, he went to the bank on which this check was drawn, drew out the four hundred dollars, and carried it with another small check, to the Louisville Home Bank and deposited same. His testimony is to the effect that he notified them it was for the payment of the draft for three hundred fifty dollars, and that on the following day he drew out all above three hundred fifty dollars except a few cents. On the same day the Louisville Home Bank sent New Orleans exchange to the Memphis bank from which the draft was received.

The Lucas draft, marked "Paid," was sent to him, and during the same day the said Louisville Home Bank closed its doors and was taken over by the state banking

department for liquidation; consequently, when the draft reached the correspondent bank in New Orleans, it was not paid and was returned to the Security State Bank at Starkville and charged back to W. Y. Lucas, who thereafter filed a petition to have a trust declared for the three hundred fifty dollars on the assets of the Louisville Home Bank in his favor.

After hearing the contentions of the parties, the chancellor denied the application of W. Y. Lucas to establish the trust and give preference to his claim over general depositors, from which judgment this appeal is prosecuted.

It is clear that the chancellor was correct in so holding. This case is controlled by the case of Love, Supt. of Banks, v. Federal Land Bank of New Orleans et al., 157 Miss. 52, 127 So. 720, and similar cases.

There was nothing on the draft sent for collection to show that it was not to be handled in the ordinary course of business, but, on the contrary, the certificate of deposit issued by the Security State Bank of Starkville, Mississippi, showed that the draft was deposited subject to the conditions therein named, and that, under the terms of that contract, the Louisville Home Bank was authorized to draw its draft on its correspondent bank at any time it had funds in said bank in payment thereof; and, consequently, there was no trust involved in the relation, and W. Y. Lucas had no priority over the general creditors of the bank. The relation was one of debtor and creditor between the drawer of the draft and the collecting bank, and not that of principal and agent.

The judgment of the court below will therefore be affirmed.

Affirmed.