KEARNEY *et al. v.* KEARNEY.

(Division B.   May 10, 1937.)

[174 So. 59.   No. 32738.]

H. Talbot Odom, of Greenwood, for appellants.

768

**Roy Church,** of Memphis, Tenn., and **Pollard & Hamner,** of Greenwood, for appellee.

**Anderson, J.**, delivered the opinion of the court.

This is a foreign attachment in chancery by appellee against her husband, Jacob C. Kearney, a nonresident of this state, for alimony for the maintenance and support of herself and their minor child, and to make such an allowance a charge against his one-fifth undivided interest in his father's estate. The estate of the father was being administered in Leflore county under his will by two of his sons as executors. The executors were made parties and garnished by service on them of a copy of the bill, as provided by section 174, Code 1930. An attachment was issued, and levied on Jacob C. Kearney's one-fifth undivided interest in the lands belonging to his father's estate. He failed to appear. The cause was tried on bill, answer of the executors and proofs, resulting in a decree in appellee's favor for $83.33 per month.

The questions involved are: (1) Have garnishee defendants the right to raise the question of jurisdiction? (2) Can an unliquidated claim for alimony be the basis of a foreign attachment in chancery under section 173, Code of 1930? (3) Can a judgment be rendered against garnished executors in a proceeding to subject the property in their hands belonging to legatees and devisees under the will, until final settlement, except with their consent?

The jurisdictional regularity of judicial proceedings against a nonresident defendant may be challenged by the garnished defendant as a protection to him-

self, and a justification for performing any decree which may be rendered against him; otherwise, if there should be want of jurisdiction, the principal defendant would not be bound. He might be free to pursue the garnished defendant in another action and thus impose double liability on him. Griffith's Chan. Prac., section 490; McKey v. Cobb, 33 Miss. 533.

That the chancery court has jurisdiction of a foreign attachment to recover alimony seems plain under the provisions of section 173, Code 1930. It is there provided, among other things, that the chancery court shall have jurisdiction of attachment suits for the recovery of damages for the breach of any contract, express or implied, against any nonresident, absent or absconding debtor who has land in this state, and against persons in this state who have in their hands effects of, or are indebted to, such absent or absconding debtor. There is a legal as well as a moral obligation on the father and husband to support his wife and dependent minor children; it arises from the marriage contract and is a vested right in the wife and children growing out of the marriage contract. The obligation is to the wife and children, and also to society. Garland v. Garland, 50 Miss. 694; Dickerson v. Brown, 49 Miss. 357; 1 Bishop on Marriage & Divorce, 272.

To dispose of the other question, it is necessary to bear in mind the following facts shown by the evidence: The father of Jacob C. Kearney died in June, 1930, leaving a last will and testament. His estate was rather large and consisted of a valuable plantation in Leflore county .with the necessary planting equipment, real estate in the city of Greenwood, money, and personal property. The fifth annual account of the executors filed in December, 1934, disclosed a personal estate of something like $60,000; whatever debts the decedent owed at his death had been paid. The father provided in his will that his executors should keep together and manage his estate for a period of ten years from the date of his

death, and then divide it among his devisees and legatees, who were principally his five sons; in addition, an annuity during the ten-year period of $1,000 to be paid annually to Jacob C. Kearney.

Section 1860, Code 1930, provides, among other things, that executors and administrators may be garnished as having effects due to legatees or distributees, but that judgment shall not be rendered against them in such case, except with their consent, until after a final settlement of the estate. Appellants refused to consent to the rendition of the decree. They contend that under the statute no decree could be rendered because final settlement of the estate in the meaning of the statute had not been made. There is some trouble about the solution of this question. We have reached the conclusion, however, that under the particular facts here the decree of the chancellor was correct. It is true that there has been no formal final settlement of the ordinary administration of the estate, nevertheless, there has been an actual final settlement, except as to the trust estate created by the will. The provision of section 1860 that judgment shall not be rendered until after final settlement without the consent of the administrator or executor was for the protection of creditors of the estate as well as the executor or administrator; its purpose was to hold the estate together free from legal process against heirs, legatees, and devisees until all debts were paid.

Where powers and duties conferred upon an executor are such as do not pertain to that office, but do go with the office of trustee and no trustee is named, the executor becomes the trustee to carry out the trust. 65 C. J. 640. We think that was the status of these executors when this proceeding was instituted. The decree in this case carefully guards against the interference with the execution of the trust for the ten year period; it awards to the wife and child exactly the sum of the annuity of the husband and father. It is true it fixes a lien on the

real estate attached, but it provides that the execution of the decree shall not ·interfere with the carrying out of the provisions of the ten-year trust.

Affirmed.