FORD v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Division A. April 19, 1943. Suggestion of Error Overruled May 17, 1943.)

[13 So. (2d) 45. No. 35310.]

520

Rush H. Knox, of Jackson, for appellant.

Wells, Wells, Lipscomb & Newman, of Jackson, for appellee.

524

**Roberds, J.,** delivered the opinion of the court.

This appeal involves the questions: (1) Whether equity jurisdiction by attachment under Section 173, Code of 1930, can be raised by motion separately filed; and whether the chancellor was correct in (2) quashing the attachment and (3) dismissing the bill in this case.

Mrs. Ford, appellant, by her bill herein, seeks a personal decree against appellee, a nonresident but domesticated insurance corporation, for a total sum of $2,619.85, consisting, as she claims, of accrued disability payments due her as beneficiary in an insurance policy in said company, premiums paid by her while so disabled, and expenses and punitive damages occasioned by the wrongful refusal of appellee to pay her such disability benefits, and to attach and subject to the payment of her demands an indebtedness owing such nonresident by Mr. Elliott Parker, a resident of Chickasaw County, Mississippi, who was made a defendant to the bill.

Parker answered that he was indebted to the said insurance company in the sum of $535.63, principal, and $26.78, interest, by virtue of a loan he had obtained from appellee on a life insurance policy in his favor in said company, and paid the $26.78 into court.

The insurance company, by sworn motion separately filed, moved to quash the attachment and dismiss the bill on the grounds (a) that the obligation existing between Parker and the insurance company is not such an indebtedness as is contemplated by Section 173, and (b) Mrs. Ford is the holder as assignee of the Parker policy and jointly signed with Parker all of the papers to obtain the loan, and her liability is co-extensive with that of Parker's.

Mrs. Ford moved the court to strike that motion and for a decree pro confesso against appellee.

The chancellor denied the motion of Mrs. Ford and sustained that of the insurance company, quashed the attach-

ment, dismissed the bill, and ordered the clerk to repay to Parker the $26.78. Mrs. Ford appeals.

Personal process was had on the insurance company by service upon the state insurance commissioner.

We will dispose of the questions in the order stated.

The motion will lie. Clark v. Louisville & N. R. Co., 158 Miss. 287, 130 So. 302; First Nat. Bank of St. Louis v. Mississippi Cottonseed Products Co., 171 Miss. 282, 157 So. 349; Estes v. Bank of Walnut Grove, 172 Miss. 499, 159 So. 104; Alabama Power Co. et al. v. Jackson, 181 Miss. 691, 179 So. 571; Strickland et al. v. Humble Oil & Refining Co. et al., 194 Miss. 194, 11 So. (2d) 820.

On the second proposition this court, in Travelers' Ins. Co. v. Inman, 157 Miss. 810, 126 So. 399, 401, 128 So. 877, said "The obligation of the garnishee-defendant to the principal defendant, which is made the jurisdictional basis of the attachment in chancery against the non-resident principal defendant, must be an indebtedness owing in præsenti by the said garnishee-defendant to the said nonresident principal defendant, and must be of such a nature that at the time the suit is filed the principal defendant could enforce the said debt against the said garnishee-defendant in a court of competent jurisdiction without regard to, and independently of, complainant's suit or cause of action against the said principal defendant. 'It is a general requisite of the right to hold a person as garnishee that, but for the garnishment, defendant would have a right of action against him, for defendant's own use.' " See Howell v. Moss Point Furniture Co., 136 Miss. 399 at p. 408, 101 So. 559, at page 560; Russell v. Clingan, 33 Miss. 535; McNeill v. Roache, 49 Miss. 436; Dibrell v. Neely, 61 Miss. 218; Southern Pac. R. Co. v. A. J. Lyon & Co., 99 Miss. 186, 54 So. 728, 34 L. R. A. (N. S.), 234, Ann. Cas. 1913D, 800; Bean v. Bean, 166 Miss. 434, 147 So. 306; Craig v. Gaddis, 171 Miss. 379, 157 So. 684, 95 A. L. R. 1494.

The authorities also generally hold that an advancement upon a life insurance policy of the accrued loan

value, or less, is not such an obligation as will sustain a suit by the insurance company against the insured-borrower. The insured is entitled to the loan value of the policy as a matter of contractual right; the insurer owes the insured the money and has no right to refuse to advance, or pay, it upon proper request by the insured. The company cannot sue because the defendant could plead and set off the amount as owing by the company to him. The policyholder can pay the debt or not as he desires. If he does not, the policy is forfeited and he is entitled to the excess cash value, if any, of the policy over the advancement to him. The unpaid interest is added to the principal. The Mutual Life Insurance Company could not have obtained a judgment against Parker in this case.

Williams v. Union Central Life Ins. Co., 291 U. S. 170, 54 S. Ct. 348, 78 L. Ed. 711, 92 A. L. R. 693; Board of Assessors v. New York Life Ins. Co., 216 U. S. 517, 30 S. Ct. 385, 54 L. Ed. 597; In re Hirsch (D. C.), 4 F. Supp. 708; Wagner v. Thieriot, 203 App. Div. 757, 197 N. Y. S. 560, affirmed 236 N. Y. 588, 142 N. E. 295; Rustin v. Ætna Life Ins. Co., 98 Neb. 426, 153 N. W. 548; Jansen v. Tyler et al., 151 Or. 268, 47 P. (2d) 969, 49 P. (2d) 372; Baker v. General American Life Ins. Co., 222 Iowa, 184, 268 N. W. 566. The rights of Mrs. Ford, in this respect, are, of course, no greater than those of the insurance company. This is not such an indebtedness as is contemplated by Section 173, Code of 1930.

The fact that Parker paid the interest into court could not change the relation between the parties. Love v. Fulton Iron Works, 162 Miss. 890, 140 So. 528. Parker could have challenged the jurisdiction of the court as a protection to himself. Kearney v. Kearney, 178 Miss. 766, 174 So. 59.

This renders it unnecessary for us to pass upon the effect upon this question of the execution by Mrs. Ford of the Parker papers.

But, on the third question, the chancellor should not have dismissed the bill. He should have proceeded to try

the case. Although the insurance company, by its motion to challenge the jurisdiction of the court, had appeared specially, there had been personal service of process upon it, and, under Section 173, Code of 1930, ''The court shall give a decree in personam against such non-resident . . . debtor if summons has been personally served upon him . . .'' Murphy v. City of Meridian, 103 Miss. 110, 60 So. 48; Travelers' Ins. Co. v. Inman, supra; Branham v. Drew Grocery Co., 145 Miss. 627, 111 So. 155.

No motion was made to transfer the case to the law court. We are not passing on that situation. We decide the case as presented.

Reversed and remanded.