## RASCH v. RASCH

No. 43185 November 16, 1964 168 So. 2d 738

886

*Cooper & Allen,* Indianola, for appellant.

*Brewer, Deaton & Evans,* Greenwood, for appellee.

KYLE, P. J.

This case is before us on appeal by Mrs. Willie Faye S. Rasch, cross-defendant, from a decree of the Chancery Court of Sunflower County, dated November 1, 1963, dismissing her petition for citation of Herbert Joseph Rasch, cross-complainant, for contempt of court for his alleged failure to obey the final decree of said court rendered on October 12, 1959, directing him to pay to the cross-defendant the sum of $50 per month as support for their minor child, Thomas Frederick Rasch.

The record shows that on June 30, 1959, the appellant Mrs. Willie Faye S. Rasch, as complainant, filed in the Chancery Court of Sunflower County a bill of complaint for divorce against the appellee, Herbert Joseph Rasche, who at that time was a legal resident of the State of Louisiana. The complainant alleged as ground for divorce habitually cruel and inhuman treatment. The complainant alleged that she and the defendant were

lawfully married on May 13, 1956, and had lived in the State of Louisiana as husband and wife until May 1, 1959, when, on account of the defendant's habitually cruel and inhuman treatment, she was forced to leave him and return to her people in Sunflower County, Mississippi. The complainant further alleged that one child was born of said marriage, a boy two years of age, whose name was Thomas Frederick Rasch, who at the time of the filing of her bill of complaint was with her in Indianola, Mississippi. The complainant further stated in her bill that the defendant's place of residence at the time of the filing of her bill was in Bunkie, Louisiana, but the defendant was actually in the City of Indianola, Mississippi, where process could be served on him. The complainant prayed that upon the hearing of the cause the complainant be granted a divorce from the defendant, and that she be awarded the custody of said child and that the defendant be ordered to make regular monthly or weekly contributions to her for the support of the complainant and said child, and to pay to the complainant a reasonable sum for her solicitor's fee. The appellant also prayed for general relief. In the bill of complaint there was no allegation that either party to the suit had been an actual bona fide resident within this state for one year next preceding the commencement of the suit.

The defendant Herbert Joseph Rasch filed an answer to the bill of complaint on September 14, 1959. In his answer the defendant admitted that he and the complainant were legally married on May 13, 1956, at Indianola, Mississippi, and that one child was born of said marriage, namely, Thomas Frederick Rasch, 2 years of age. The defendant denied that the complainant and the defendant had lived in the State of Mississippi as husband and wife, and by way of affirmative defense averred that the legal domicile of the complainant and the defendant was 2921 Dennis Street, Alexandria, Rapides

Parish, Louisiana, where he maintained a home. The defendant denied that he had been guilty of habitually cruel and inhuman treatment of the complainant. The defendant averred in his answer that, at the time of the filing of the complainant's bill, he was temporarily in the State of Mississippi earnestly seeking to bring about a reconciliation with the complainant who had theretofore deserted his bed and board. The defendant, having answered the complainant's bill, asked that the same be dismissed.

The defendant incorporated in his answer a cross-complaint in which he averred that, while the court was without jurisdiction to determine the marital differences between the parties, the court was not without jurisdiction to enter a decree concerning the care and custody of the minor child. The cross-complainant admitted that the cross-defendant, the mother of the child, was a fit and proper person to have the custody of the child. The cross-complainant, however, charged that the cross-defendant had deserted him and had attempted to deprive him of his enjoyment of companionship with the child; and the cross-complainant therefore asked that upon the final hearing of the cause the custody of the child be awarded to him until such time as the child was of sufficient age to select his own guardian.

The complainant, Mrs. Willie F. Smith Rasch, as cross-defendant, filed her answer to the cross bill on September 29, 1959, and in her answer denied that her legal residence was in the State of Louisiana. The cross-defendant averred in her answer that she left the cross-complainant in Louisiana during the spring of 1958 and brought her child to Indianola, Mississippi, where she took up a permanent residence and domicile, which she was forced to do on account of the habitually cruel and inhuman treatment accorded to her by the cross-complainant; that she informed the cross-complainant of her intention in due course to file a suit for divorce; that

thereafter her legal residence and domicile had been in Indianola, Sunflower County, Mississippi. The cross-defendant averred in her answer that, after she established a residence and domicile in Indianola, Mississippi, cross-complainant came to Indianola and pleaded with her to return to his home in Louisiana, and relying on the cross-complainant's promise to refrain from further mistreatment of her cross-defendant returned to the cross-complainant's home in Louisiana; that cross-complainant did not change his ways and mistreatment of her, and for that reason she thereafter left him again and came back to Indianola, Mississippi, and filed her suit against him for divorce. The complainant filed with her answer to the defendant's cross bill a petition for temporary support and solicitor's fee.

On October 12, 1959, the defendant, Herbert Joseph Rasch, filed a motion to dismiss the complainant's bill of complaint and motion for suit money, on the ground that, on the face of the sworn answer of the cross-defendant to the defendant's cross-bill, it appeared that the court was without jurisdiction to hear the complainant's bill for divorce or the motion for suit money.

The cause was heard at the October 1959 term of the court on the defendant's motion to dismiss the complainant's bill for divorce. The court after hearing arguments on behalf of the respective parties was of the opinion that on the face of the pleadings the court was without jurisdiction to hear the original bill of complaint or the motion for suit money. A decree was therefore entered dismissing the original bill of complaint and the motion for suit money. The cause was then heard on the defendant's cross-bill and answer thereto filed by the cross-defendant. The court, after hearing the evidence, found that it was to the best interest of the minor child that the child remain with its mother subject to the rights of visitation by the father. A decree was therefore entered on October 12, 1959, ordering that the cross-complainant

pay to Mrs. Willie Faye Smith Rasch, the cross-defendant, the sum of $50 per month as support for the child until further order of a court of competent jurisdiction. The court also provided in said order that the father be given the privilege of visiting the child at all reasonable times and to have the child visit him within the State of Mississippi on the first week end of each calendar month, and to have the child visit him in the State of Louisiana during the Christmas holidays and in one of the summer months each year upon the cross-complainant entering into bond in the penal sum of $200 conditioned for the return of the child.

The record shows that after the rendition of the above mentioned decree the cross-complainant made monthly payments to the cross-defendant as ordered by the court, for the support of the child for a period of approximately five months; but a reconciliation was effected between the parties sometime during the months of February and March 1960, and the cross-defendant returned to the home of her husband in Louisiana. The marital relations between the parties were resumed, and the parties lived together as husband and wife, in the cities of Baton Rouge and Alexandria, for a period of approximately three years. The child lived in the home of his parents as a member of the reunited family during that time and was maintained and supported out of the earnings of the father; and the monthly payments of money to the mother for the support of the child were discontinued.

The record shows that the marriage relations of the parties were again disrupted during the early part of the year 1963, and the cross-defendant returned to her mother's home in Indianola sometime during the month of March 1963, bringing with her the child; and on August 30, 1963, the cross-defendant filed her petition in the Chancery Court of Sunflower County asking that a citation be issued for the cross-complainant, and that

he be adjudged in contempt of the court for his refusal to abide by the terms of the decree of October 12, 1959, directing him to pay to the cross-defendant the sum of $50 per month for the support of the child. The cross-defendant alleged in her petition that the total amount that should have been paid to her for the support of the child since February 1963 was $300 and of that amount the cross-complainant had paid only $10; that the cross-complainant had made default in said payments in the amount of $290.

On October 7, 1963, the cross-complainant filed a motion to dismiss the petition for citation for contempt and enforcement of the decree of October 12, 1959, and as grounds for said motion alleged the following: (1) That after the rendition of the decree of October 12, 1959, the cross-defendant and the cross-complainant returned to the State of Louisiana and lived together as husband and wife in the State of Louisiana for a period of more than two years; (2) that the cross-defendant's right to separate maintenance ceased when the defendant and complainant returned to the State of Louisiana and resumed the marital status and cohabitation; and (3) that the reconciliation of the cross-complainant and the cross-defendant as husband and wife and the resumption of marital relations for a period of more than two years in the State of Louisiana after the rendition of the decree dated October 12, 1959, voided any right of the cross-defendant to separate maintenance and made the decree unenforceable by her. The cross-defendant filed an answer to the cross-complainant's motion to strike the cross-defendant's petition for citation for contempt and enforcement of the decree of October 12, 1959. The cross-defendant also filed a motion for permission to amend her petition to have the defendant adjudged in contempt of court, so as to charge that monthly payments in the sum of $2400 had become due under the terms of the final decree of October 12, 1959;

and that the cross-complainant had paid only $310 of that amount, leaving a balance due of $2,090 for support of the child.

A hearing was had on October 31, 1963, on the petition of the cross-defendant to have the cross-complainant adjudged guilty of contempt of court for his alleged failure to obey the final decree of October 12, 1959, and the motion of the cross-defendant to amend said petition, and on the motion of the cross-complainant to strike the cross-defendant's petition for citation of the cross-complainant for contempt and the cross-defendant's motion for permission to amend said petition. Only one witness testified during the hearing.

The cross-complainant, Herbert J. Rasch, testified that after the rendition of the decree of October 12, 1959, he returned to his home in Alexandria, Louisiana, and thereafter made the payment of $50 each month to his wife for the support of the child as long as his wife remained in the State of Mississippi; that a reconciliation was effected between the parties a few months after the above mentioned decree was entered, and during the spring of 1960, the cross-defendant returned to cross-complainant's home in Louisiana and brought the child with her; and thereafter cross-complainant and his wife and their child lived together until March 1963, when cross-defendant left their home in Louisiana and returned to Indianola, Mississippi.

At the conclusion of the hearing the chancellor found that the motion of the cross-complainant to dismiss the petition of the cross-defendant for a citation of the cross-complainant for contempt of court for alleged failure to obey the final decree of the court dated October 12, 1959, was well taken, and a decree was entered sustaining the motion on the ground that the court had no jurisdiction in the original divorce proceeding. From that decree the cross-defendant has prosecuted this appeal.

The appellant's attorneys argue two points as ground for reversal of the decree of the lower court: (1) That the court erred in its holding that the court had no jurisdiction in the original divorce proceeding to award to the appellant the custody of the child and to require the appellee to contribute to the support and maintenance of the child; and (2) that the resumption of marriage relations between the father and mother after the rendition of the decree of October 12, 1959, did not modify the decree for the support of the child.

We think the chancellor reached the right conclusion in his holding that the motion of the cross-complainant to dismiss the petition for citation for contempt should be sustained. But the chancellor, in our opinion, erred in his finding that the court had no jurisdiction to award custody of the child in the original divorce proceedings.

In discussing the power of the divorce court to determine matters relating to the custody or support of children apart from its jurisdiction of the divorce suit, the textwriter in 27B C.J.S., Divorce section 307 (1959), says: "Where the divorce court, whether by express statute or through its inherent equitable powers, has the power to determine matters relating to the custody or support of children apart from its jurisdiction of the divorce suit, so that custody or maintenance of the children of the marriage is more than a mere incident to the divorce proceedings, the court, although it denies a divorce, may make such provision as it deems necessary for the custody and maintenance of the children, and may, pursuant to such power, retain the cause on the docket for future action with respect to their custody and support." See also Bunkley and Morse, Amis on Divorce and Separation in Mississippi, sections 8.08, 8.09 (1957), and cases cited.

In Davis v. Davis, 194 Miss. 343, 12 So. 2d 435 (1943), this Court held that in a divorce action the chancellor had jurisdiction to decree the custody of the child even

though a divorce was denied. In its opinion in that case the Court said: "The finding that the custody of the children is 'dependent upon a decree of divorce' seems to have been borrowed from other jurisdictions which have so held either pursuant to statutory requirements or to a different conception of their own equity jurisdiction. The diversity of opinion is set out in Urbach v. Urbach, supra, with case note at page 901 of 113 A.L.R., whose reasoning and conclusions are found in accord with our own and are hereby approved. See also 17 Am. Jur., Divorce and Separation, § 677; 27 C.J.S., Divorce § 307.

"We hold therefore that the chancellor had jurisdiction to decree the custody of the child here and insofar as Walker v. Walker, supra [140 Miss. 340, 105 So. 753, 756 (1925), 42 A. L. R. 1525 (1925)] is inconsistent with this view, it must be and is overruled." In Scott v. Scott, 219 Miss. 614, 69 So. 2d 489 (1945), the Court reaffirmed the rule laid down in the Davis case.

In Latham v. Latham, 223 Miss. 263, 78 So. 2d 147 (1955), the Court held that jurisdiction to control, determine and regulate the custody of an infant is in the courts of a state where the infant legally resides, and if a child is actually within the jurisdiction of the court, the court may determine claims as to his custody, although his legal domicile is elsewhere, and regardless of the domicile of its parents. In its opinion in that case the Court said: "The rule is well established by the great weight of authority that jurisdiction in child custody cases does not depend upon legal domicile, but, where the child is actually residing and physically present within the territorial jurisdiction of the court, such court takes and has such jurisdiction by virtue of the doctrine of parens patriae regardless of the legal domicile of the child." See also cases cited.

■■■ ■ In the case that we have here the child, at the time of the hearing on October 12, 1959, was actually residing and physically present within the territorial

jurisdiction of the Chancery Court of Sunflower County. In addition to that, the father had entered his appearance in the case and had asked that he be awarded the legal custody of the child. The court therefore had jurisdiction to determine the claims of the respective parties as to the custody of the child regardless of the domicile of the parents.

 ██ We are of the opinion, however, that the resumption of the marital relations between the father and mother approximately five months after the rendition of the decree of October 12, 1959, and the continuation of the marital relations for a period of approximately three years, during which time the child received its support and maintenance as a member of the parents' household, rendered the custody decree inoperative.

In 27B C.J.S., Divorce section 314 (1959), it is said: "Remarriage of the parents annuls the divorce and restores the parents to their rights over their children as if they had never been divorced, and in a subsequent divorce action custody can be awarded differently than in the first proceedings." Exparte Phillips, 266 Ala. 198, 95 So. 2d 77 (1957); Oliphant v. Oliphant, 177 Ark. 613, 7 S.W. 2d 783 (1928); Cain v. Garner, 169 Ky. 633, 185 S.W. 122, L.R.A. 1916E 682, Ann. Cas. 1918B, 824 (1916); Jenkins v. Followell, 262 P. 2d 880, 882 (Okla. 1953); Dunlap v. Dunlap, 88 Okla. 200, 212 P. 608 (1923); Miller v. Powell, 212 S.W. 2d 876 (Tex. Civ. App. 1948).

In Nelson, Divorce and Annulment, 2d. Ed., section 15.40 (1961), it is said that "if the divorced parents of minor children are reunited in lawful marriage to each other, the parental rights of each parent are restored the same as if no divorce had been granted, even though the custody of the children was awarded to one of the parents by the divorce decree." See also Exparte Phillips, supra; McAlhany v. Allen, 195 Ga. 150, 23 S.E. 2d 676 (1942); Lockard v. Lockard, 102 N.E. 2d 747 (Ohio Com. Pl. 1951).

In Lockard v. Lockard, supra, the Court said: "Where a decree of divorce makes provision for the custody, care, control, and support of minor children of divorced parents, during their minority, or during a less period named in the decree, the jurisdiction of the court over custody continues during such period, even though there is no express reservation of jurisdiction in the decree. Corbett v. Corbett, 123 Ohio St. 76, 174 N.E. 10. * * * But if the parties remarry they no longer have separate rights of custody which require supervision by the court. Instead there is a resumption of the same joint right to custody which antedated the separation and the divorce."

We think the above stated rule as to child custody, which has been applied in many cases where divorced parents of minor children are reunited in lawful marriage, is applicable in cases such as we have here, where parents of a minor child who have lived apart without a divorce are reunited and resume marital relations.

The resumption of marital relations between the parties, as shown by the record in this case, in our opinion, restored the parental right of each parent concerning the custody of the minor child as if no separation had occurred, even though the custody of the child had been awarded to the mother by the decree of October 12, 1959. After the resumption of marital relations the parents no longer had separate rights of custody which required supervision of the court. Instead, there was a resumption of the same joint right to custody which antedated the separation.

We are also of the opinion that the appellee was not required to continue to make the monthly payments of support money to the appellant for the support of the child, as provided for in the decree of October 12, 1959, after the resumption of the marital relations between the parties. It appears from the record that the father provided adequate support for the child in the home provided for the family after the resumption of the

marital relations between the parents in March 1960, as he was in duty bound to do. The payment of support money ordered to be made to the mother by the decree of October 12, 1959, was for the support of the child, and the father was not required to continue the monthly payments to the mother for the support of the child when the child was living in the father's home and was being supported by the father as a member of the family. 27B C.J.S., Divorce section 322(1) (1959). See also Schlom v. Schlom, 149 Miss. 111, 115 So. 197 (1948).

For the reasons stated above, the decree of the lower court dismissing the petition of the appellant for citation of the appellee for contempt of court, for alleged failure to pay the monthly installments of $50 for the support of the child after the resumption of the marital relations between the parties, is affirmed.

We repeat again, however, what has been said by this Court in many cases, that the father is primarily charged with the duty to support his minor child. Bunkley and Morse's Amis, Divorce and Separation in Mississippi, § 9.00 (1957), and cases cited. This is both a legal and moral obligation, and is a vested right in the child growing out of the marriage relation. Kearney v. Kearney, 178 Miss. 766, 174 So. 59 (1937). The duty of support on the part of the father is a continuing one which is not terminated on the granting of a divorce or the awarding of custody of the child to the mother in the event the parents are living apart from each other.

Our holding in this case shall not preclude or prejudice in any manner the right of the appellant to apply to any court of competent jurisdiction for a decree determining the right of custody of the child or awarding custody to the appellant and requiring the appellee to contribute to the support and maintenance of the child.

Affirmed.

*Ethridge, Gillespie, Brady and Patterson, JJ.*, concur.