PATTERSON, Justice.
This is an appeal from a judgment of the Circuit Court of Copiah County which dismissed a writ of garnishment issued against the United States Fidelity & Guaranty Company.
The appellant, Hall Supply & Equipment Company, hereinafter Hall, obtained a judgment against Copiah Contractors, Inc., hereinafter Copiah, in the sum of $4,434.-34. Hall thereafter filed a suggestion of writ of garnishment on the judgment, suggesting that the United States Fidelity & Guaranty Company, hereinafter U.S.F. & G., was indebted to Copiah. U.S.F. & G. responded by an answer which denied that it was indebted to, or had effects of, or that it knew anyone who was indebted to Copiah. It specifically denied that Copiah was an employee of U.S.F. & G., the garnishee-defendant.
Hall filed a traverse to the answer and averred that U.S.F. & G. became the surety for Copiah on contracts awarded to it by the State of Mississippi for construction work to be performed under the State Aid Division of Highways. He further averred that U.S.F. & G. required Copiah to assign as collateral security the interest of Copiah in and to each contract covered by its bond “including all retained percentages, deferred payments, earned monies and all funds and properties whatever that may be due or become due under the contract or that may be due, become due, awarded or allowed in connection with or *360 under circumstances growing out of said contract or work done thereunder.” Hall averred that this assignment encompassed all the monies and profits to which Copiah was entitled and since the contract was not completed, Copiah became in effect the employee of U.S.F. & G. Hall also averred that U.S.F. & G. had directed the State Aid Division to make all future payments under the contract directly to it. It is additionally averred that there are three other contracts between Copiah and the State Aid Division, the payment for which has not been completed by the State Highway Department, and that these indebted-nesses to Copiah have been assigned by it to U.S.F. & G. Hall specifically alleges that $17,358.32 has been assigned to U.S.F. & G. and is held by it as collateral which belongs to Copiah and that he is entitled to $4,434.34, plus interest and court costs therefrom in payment of his judgment. U.S.F. & G. contends that Hall, the judgment creditor, can acquire no greater rights against it as garnishee-defendant than could the judgment debtor possess against the garnishee-defendant. We are of the opinion that this contention is legally correct and that the judgment of the trial court should be affirmed.
In Ford v. Mutual Life Insurance Co. of New York, 194 Miss. 519, 527, 13 So.2d 45, 46 (1943), we stated:
On the second proposition this Court, in Travelers’ Ins. Co. v. Inman, 157 Miss. 810, 126 So. 399, 401, 128 So. 877, said “The obligation of the garnishee-defendant to the principal defendant, which is made the jurisdictional basis of the attachment in chancery against the nonresident principal defendant, must be an indebtedness owing in praesenti by the said garnishee-defendant to the said non-resident principal defendant, and must be of such a nature that at the time the suit is filed the principal defendant could enforce the said debt against the said garnishee-defendant in a court of competent jurisdiction without regard to, and independently of, complainant’s suit or cause of action against the said principal defendant. Tt is a general requisite of the right to hold a person as garnishee that, but for the garnishment, defendant would have a right of action against him, for defendant’s own use. * * * >» (Citations omitted).
It is apparent by the terms of the bond that U.S.F. & G. is the surety of Copiah and is not its employer. The funds possessed by U.S.F. & G. therefore could not be garnished by Hall unless it was the property of Copiah, the judgment debtor, unfettered by its previous obligations to U.S.F. & G.
The record preponderates with evidence of indebtednesses of Copiah to U.S.F. & G., the total of which is nearly $641,000, and since Copiah had assigned all of its rights, title and interest into all of the contracts covered by the surety bonds, and there remained outstanding indebtednesses of Copiah to be paid by the surety, we can only conclude that the $17,358.32 is either obligated for these payments or is the property of U.S.F. & G. by way of indemnification to it for the past payments of Copiah’s obligations. In either event U.S. F. & G. was entitled to set off any claim which Copiah, the judgment debtor, might press against it for the $17,358.32. In Brondum v. Rosenblum, 151 Miss. 91, 99, 117 So. 363, 365 (1928), we held:
The garnishee claims, and would have, the right to set off any debt the judgment debtor might be due him, but it must be actually applied to garnishee’s debt; and if not applied, but is paid to the debtor, such payment would be at the peril of garnishee. * * * (Citations omitted).
We have considered the record and the arguments advanced by counsel and finding no error on the part of the trial court, its judgment is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, SMITH and ROBERTSON, JJ., concur.