[No. 7833.   Decided May 3, 1909.]

BONNIE GERTRUDE LOWE, *Plaintiff and Appellant*, v.
VALENTINE VICTOR LOWE, *Defendant and Appellant*,
THOMAS R. WATERS, *Guardian Ad Litem*,
*Respondent*.[1]

APPEAL—NECESSARY PARTIES—NOTICE.  A trustee appointed to
hold the title to property for the benefit of children, who did not
appear in the action, is not a necessary party to an appeal upon
whom notice of appeal is to be served.

APPEAL—DECISIONS APPEALABLE—FINAL ORDERS.  An order direct-
ing the execution of a deed pursuant to a decree of divorce distrib-
uting property, is appealable as a final order affecting a substantial
right.

DIVORCE—DECREE—PROVISION FOR CHILDREN—REMARRIAGE—PARENT
AND CHILD.  Where a decree of divorce set aside certain property
for the benefit of children upon the prayer of the complaint asking
that it be deeded in trust for them, the court lost jurisdiction to
compel such conveyance where the parties remarried before convey-
ance and jointly petitioned for modification of the decree; the court
having no jurisdiction to take control of the children in such case.

Appeal from an order of the superior court for Whatcom
county, Kellogg, J., entered August 22, 1908, requiring
the execution of a trust deed for the benefit of minor children,
upon granting a divorce, after a trial on the merits before
the court without a jury.   Reversed.

*T. D. J. Healy* and *Noethe & Thompson*, for appellants,
cited:   17 Am. & Eng. Ency. Law (2d ed.), p. 1060; *Neary
v. Godfrey*, 102 Cal. 338, 36 Pac. 655; *Rodgers v. Rodgers*,
56 Kan. 483, 43 Pac. 779; *Swiney v. Swiney*, 107 Mich. 459,
65 N. W. 287; *Schammel v. Schammel*, 105 Cal. 258, 38 Pac.
729; *Chaffee v. Chaffee*, 15 Mich. 184; *Alexander v. Alex-
ander*, 140 Ind. 560, 40 N. E. 55; *Smith v. Westerfield*, 88
Cal. 374, 26 Pac. 206; *Cottrell v. Thompson*, 15 N. J. L. 344.

*Waters & Downer* (*Black, Kindall & Kenyon* and *Fred W.
Neal*, of counsel), for respondent.

[1]Reported in 101 Pac. 704.

Dunbar, J.—In April, 1907, Bonnie Gertrude Lowe, as plaintiff, instituted an action for divorce against Valentine Victor Lowe, defendant, in the superior court of Whatcom county, which action terminated in a judgment in favor of the plaintiff and against the defendant, dissolving the bonds of matrimony then existing between them. The decree also provided for the disposition of the real property of the parties, amounting to $19,000, $6,000 being settled upon the plaintiff and a like amount upon the defendant. As to the remaining realty, valued at $7,000, it was provided in the decree that the same "is hereby set apart and proper deed of conveyance is hereby ordered in the premises to Scott A. Post, as trustee for the use and benefit of the minor children of plaintiff and defendant, and for their support and maintenance and education, said trustee being at all times subject to the orders and control of the superior court above named in all things and matters pertaining to said trust, and subject to the supervision of the court." The disposition of the $7,000 worth of realty was probably based upon allegations in the complaint, to the effect that it was the desire of the parties that the property be awarded for the use and benefit of the children, for their support, maintenance, and education, subject to conditions to be imposed by the court, the plaintiff alleging that the property should be awarded to her that she might properly provide for the children. The property was tendered into court under a stipulation of the parties to the action, for the support, maintenance, and education of the children. The court found that the said property should be set apart to a trustee to be agreed upon between plaintiff and defendant, and thereafter the decree was entered on the 22d day of June, 1907.

Nothing further was done by the parties to the action to divest themselves of the title to the realty, and thereafter, on September 15, 1907, both plaintiff and defendant, with their respective counsel, appeared before the court, who had verbally instructed counsel to present the respective parties they

represented, for the purpose of executing the trust deed referred to, at which time the court was informed that the parties had agreed to remarry, and' would do so within a few days. Whereupon the court informed them that he would allow five days within which to execute said instrument as the same had been prepared, or, in the alternative, to make a proper showing for their failure so to do. Within the time granted the parties remarried, and jointly petitioned the court for a modification of the decree by striking therefrom that part of it incorporating the trust features; which the court denied. On the 30th of July, 1908, the respondent, Thomas R. Waters, who had been appointed guardian *ad litem* of the children for the purpose of examining into the matter of their petition to modify the divorce decree, moved the court for an order requiring appellants to show cause why they should not execute a proper deed of conveyance of the real estate in controversy to S. A. Post, as trustee. The appellants, upon the advice of counsel, elected to treat the provisions of the decree requiring them to execute such trust deed as ultra judicial and void, and objected to the jurisdiction of the court, setting forth by affidavits the condition of the parties to the action and the children in relation to the property. The court, however, ordered them to execute a deed of trust within five days, and in event of their refusal so to do Ed. L. Collier was appointed a commissioner for the purpose of executing the same. From said order, this appeal is prosecuted.

A motion to dismiss the appeal is made on the ground (1) that this court has no jurisdiction in this matter for the reason that there is a defect of parties respondent, and (2) that the supreme court has no jurisdiction in this matter for the reason that there is no statute or law of this state allowing appeals to the supreme court from such orders of the superior courts as the one appealed from herein. It does not appear that Post, who was not made a party to the action upon which this motion is based, ever appeared in the case,

and not having so appeared, he was not a necessary party to the appeal. *Essency v. Essency,* 10 Wash. 375, 38 Pac. 1130; *Seattle & M. R. Co. v. Johnson,* 7 Wash. 97, 34 Pac. 567; *Collins v. Kinnear,* 37 Wash. 453, 79 Pac. 995; *Eldridge v. Stenger,* 19 Wash. 697, 54 Pac. 541; *Currans v. Seattle & S. F. R. & Nav. Co.,* 34 Wash. 512, 76 Pac. 87. The other ground of the motion is equally without merit, for it must appear certainly that this was a final order affecting a substantial right.

As to the merits, it would seem that the simple statement of the case would unquestionably call for a reversal of the judgment. We are not inclined to enter into a discussion of the questions argued in the brief at great length, as to whether the court had original jurisdiction in a divorce case to create a trust, for the reason that, if it did have such original jurisdiction, that jurisdiction was lost when the parties to the original action remarried. The domestic status of the parties was restored or reinstated by the marriage. Their relations to their children and the property which had been set aside for the children then became exactly as they were before the divorce. The father and mother are now legally husband and wife. They are the natural and legal guardians of the children and custodians of all their property. There is no jurisdiction vested in a court to take the care, custody, or control, education or maintenance of children away from parents, unless a proceeding is instituted for that purpose and it is shown that the parents are not proper persons to have the custody or control of the children. There is no such showing in this case.

The judgment will be reversed, and the court instructed to grant the petition of the appellants.

RUDKIN, C. J., FULLERTON, GOSE, CHADWICK, MOUNT, and CROW, JJ., concur.