## DUNLAP v. DUNLAP.

No. 12365—Opinion Filed Feb. 6, 1923.

(Syllabus.)

1. **Divorce — Remarriage Within Six Months' Period to Each Other.**

Parties to a divorce action may remarry again within six months after the divorce is granted and remarriage may be shown by facts from which a common-law marriage may be presumed.

2. **Same—Common-Law Remarriage.**

The agreed statement of facts shows a common-law remarriage between the parties after divorce.

3. **Same—Amount of Property—Division, Not Alimony.**

An award of property to plaintiff as her portion of the property acquired by the parties during coverture became effective at the time of the decree and should not be vacated on motion filed some months later showing a remarriage of the parties.

4. **Parent and Child—Maintenance and Custody After Remarriage.**

After the remarriage of the parties their relation to their children and their duty to furnish support for the children became exactly as they were before the divorce and

upon a showing of remarriage judgment for the custody of the children and an amount for their support should be vacated.

5. **Divorce—Division of Property—Changed Conditions.**

In determining the amount to be awarded to a plaintiff as her share of the property, the question should be determined according to conditions which existed at the time of the decree, and this court will not disturb the judgment of the trial court because conditions have changed since the time the decree was entered.

6. **Same.**

From an examination of the evidence, it appears that the division of property made by the trial court is not unreasonable.

Error from District Court, Creek County: Lucien B. Wright, Judge.

Action for divorce and division of property by Leo Dunlap against James Dunlap. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

Thompson & Smith and Walker & Lee, for plaintiff in error.

McDougal, Lytle, Allen & Pryor, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error against plaintiff in error for a division of property and for the care and custody of the minor children, and an allowance for the support of such children. The petition was amended before judgment so as to ask for a divorce in addition to the other grounds of relief. The parties will be referred to as plaintiff and defendant as they appeared in the trial court. The defendant answered, denying generally the allegations of plaintiff's petition, and in a cross-petition asked for a divorce from the plaintiff. The trial court granted a divorce to the plaintiff, and awarded the plaintiff the home place and $7,500 in cash, and the care and custody of the minor children, and decreed that defendant be required to furnish the sum of $150 per month for the support of the children. This judgment was rendered on February 7, 1920, and motion for new trial was filed but was not disposed of until March 17, 1921. On September 24, 1920, the defendant filed a motion to vacate judgment entered on February 7, 1920, alleging that the parties had become reconciled on March 21, 1920, and resumed their marital relations by cohabiting together as man and wife and holding each other out to their community as husband and wife, and that they so lived and cohabited together until July 1, 1920. The motion for a new trial

and motion to vacate judgment were overruled and the defendant has prosecuted his appeal to the court.

The question of sufficiency of the evidence to sustain the decree of divorce is argued, but we will not consider that question, for the reason that no assignment of error is made raising that question, and for the further reason that by the motion filed to vacate the judgment it appears that the parties became reconciled after the decree was entered and thereafter lived together as man and wife, holding themselves out as such to the public until July 1, 1920. While there was no marriage ceremony, the agreed facts show that there was a valid common-law remarriage between the parties. In Thomas v. James et al., 69 Oklahoma, 171 Pac. 855, this court said:

"It is unlawful for either of the parties to a divorce to marry any other person within six months after the granting of the divorce, but they are not prohibited by law from remarrying each other within such period, and their remarriage may be shown by facts from which a common-law marriage may be presumed."

It is next urged that because of the remarriage of the parties the decree of divorce and for a division of property and support of the children should be set aside and vacated. The divorce decree should not be set aside because the motion to vacate the same does not come within any of the provisions of the statute for vacating a judgment after term and for the further reason that, although the marriage relation was resumed, there was an interval of time between the decree and the remarriage in which the property rights might have become involved. The award to plaintiff of a portion of the property and $7,500 in cash was not an award as alimony, but a division of the property acquired by plaintiff and defendant during their married life, and is not to be considered as alimony; hence, the fact that parties may have remarried would in no manner affect this award. Davis v. Davis, 61 Okla. 275, 161 Pac. 190; Johnson v. Johnson (Kan.) 46 Pac. 700.

This part of the judgment became effective at once and was not postponed for six months as was the case as to the divorce. Barnett v. Frederick et al., 33 Okla. 49, 124 Pac. 57.

The award of $150 per month was made for the support of the minor children under the provisions of section 507, Comp. Stats. 1921, and under the provisions of that statute the court has the authority to modify or change any order in respect to the support of the children whenever the circumstances render such change proper, either before or after final judgment in the action. This statute contemplates the support of the children where the parties are granted a divorce, and the children are given into the custody of one of the parents, and the general rule is stated in 19 C. J. 360, as follows:

"A remarriage between the parties themselves ordinarily terminates the jurisdiction of the court with respect to maintenance of their children."

In the case of Lowe v. Lowe (Wash.) 101 Pac. 704, the court said:

"The domestic status of the parties was restored or reinstated by the marriage. Their relations to their children and the property which had been set aside for the children then became exactly as they were before the divorce. The father and mother are now legally husband and wife. They are the natural and legal guardians of the children, and custodians of all their property. There is no jurisdiction vested in a court to take the care, custody or control, education or maintenance of children away from parents, unless a proceeding is instituted for that purpose, and it is shown that the parents are not proper persons to have the custody and control of the children."

That portion of the judgment of the trial court awarding the custody of the children to the plaintiff and directing defendant to pay $150 per month for their support should be vacated.

The remaining question presented by the appeal is the question of the amount of the award made to the plaintiff. As stated above, this award was made not as alimony but as a division of the property. It is urged here that the financial condition of the defendant has changed greatly since the time the judgment was rendered and that the property is worth much less than it was at the time of the trial; but in determining the amount of property which plaintiff was entitled to have set apart to her, the trial court was bound by the conditions which existed at the time the decree was made and not by the conditions as they exist at this time. Hildebrand v. Hildebrand, 41 Okla. 306, 137 Pac. 711.

It appeared that defendant was the owner of 160 acres of land on which there were two oil wells, and 120 acres of land on which there were nine producing oil wells; that the home place, including 15 acres of ground, was worth approximately $15,000, and that the defendant had approximately $15,000 of personal property, which included

$6,400 cash in the bank. The defendant placed a value of $6,000 on the farming land for agricultural purposes, but no value was fixed on the mineral rights. There was nothing unreasonable in the division made of this property by the trial court according to the values as they existed at that time.

It is our opinion that the judgment of the trial court should be modified by striking out the provision awarding the custody of the children to the plaintiff and awarding her the sum of $150 per month for their support, and, as so modified, the judgment of the trial court should be affirmed.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.