## MILLER v. POWELL et al.

### No. 2663.

Court of Civil Appeals of Texas. Eastland.

June 25, 1948.

Rehearing Denied July 16, 1948.

Sam M. Russell, of Stephenville, for appellant.

Joseph Chandler and Ennis Favors, both of Stephenville, for appellee.

GRISSOM, Chief Justice.

Mrs. A. W. Powell, joined by her husband, presented a petition for habeas corpus to the district judge of Erath County. She alleged that Maggie Jean Martin was born in 1940; that she was the daughter of Mattie Miller and James W. Martin; that immediately after her birth, the child came into the actual physical custody and control of Mrs. Powell, the mother of Mattie Miller, and that said child remained in

Mrs. Powell's custody when her parents were divorced. The divorce decree rendered in 1944, was copied in her petition. It recites in part:

"The court further finds that there is one minor child of the parties, a girl, age three years, named Maggie Jean Martin, who is by consent and agreement of the parties now in the care, custody and control of the mother of the plaintiff, Mrs. A. W. Powell, residing in Handley, Tarrant County, Texas, and who is willing to assume the full care, custody and control of the said minor child; and the Court finds that it is for the best interest of said minor child that the full care, custody and control be granted to the grandmother, the said Mrs. A. W. Powell."

The judgment further recited that both the father and mother of said child were then gainfully employed and they were each required to contribute to the child's support until she attained the age of 16 years. Said judgment further recites:

" * * * said moneys to be paid over to the grandmother of said minor child, Mrs. A. W. Powell, * * * who is hereby awarded the full care, custody and control of the said minor child."

Mrs. Powell alleged that by virtue of said judgment, she obtained, and has continued to be entitled to, the custody of said child; that she continued in the actual physical custody, control and management of said child from the time of said judgment until September, 1947, when, she alleged, Mattie Miller refused to return the physical custody of said child to her after Mrs. Powell had taken the child to Mrs. Miller for a brief visit; that on September 29th, Mrs. Powell took the child and was arrested on the complaint of Mrs. Miller and Maggie Jean was taken from Mrs. Powell's possession illegally and illegally restrained by Mattie Miller. Mrs. Powell alleged Mrs. Miller was an unfit person to have custody of said child but that she was a proper person to have the custody; that Maggie Jean had been with her most of the time since she was born; that they loved each other and it would be to the best interest of Maggie Jean for Mrs. Powell to

retain the custody and control of the child. Wherefore, she prayed that a writ of habeas corpus issue; that Maggie Jean be brought before the court, discharged from illegal restraint and restored to Mrs. Powell. The writ was issued and Maggie Jean was brought before the court.

Mrs. Miller filed a plea in abatement. She alleged therein that in 1945 she obtained a divorce from James W. Martin. She set out the judgment in that divorce suit, in which the custody of Maggie Jean was awarded to her mother, then Mattie Martin. She alleged that said divorce judgment of 1945 was a valid judgment, still in force, and that, therefore, she was entitled to the custody of said child and that the question of the right to custody had been thereby adjudicated. Mrs. Miller also alleged that the Powells were not the parents of Maggie Jean; that they were not parties to said 1945 divorce suit and that they did not intervene therein and seek custody of said minor. She alleged Mrs. Powell's petition was a collateral attack upon the 1945 divorce judgment and that the Powells "were and are strangers to said suit * * *" Mrs. Miller alleged Mrs. Powell's petition should be abated and dismissed because the Powells were not asking for a change or modification of the 1945 judgment, and their petition failed to allege any change in conditions since rendition of the 1945 judgment. Mrs. Miller also filed an answer in which she alleged that she was holding Maggie Jean "under her natural right as mother and under the orders of the District Court of Tarrant County." She pleaded the 1945 divorce judgment. She alleged that in 1944 she filed a suit for divorce against James W. Martin; that it was then agreed to let Maggie Jean stay with Mrs. Powell; that by reason of said agreement, the court entered an order accordingly. That after the divorce was granted in 1944, the Martins remarried and Maggie Jean lived with her parents until they separated and were divorced again in 1945. That in said second divorce suit in 1945, she was granted the care and custody of said child. That by reason of said 1945 judgment, she was entitled to the custody of Maggie Jean.

She then filed exceptions to Mrs. Powell's petition, one of which was that Mrs. Powell did not allege a change in conditions since the second (1945) divorce judgment. She specifically denied allegations that she was an improper person to have charge of her daughter and charged that Mrs. Powell was not a fit person to have custody of the child. She prayed that the custody of the child be awarded to her.

The court rendered judgment for Mrs. Powell. The judgment recites that Maggie Jean Martin was brought before the court; that all parties appeared except Mr. Miller; that Mattie Miller presented her plea in abatement; that evidence was offered for and against said plea and arguments were heard, whereupon the court stated to the parties that it was the opinion of the court that the 1944 judgment

"* * * wherein by the agreement of the parties, the care and custody of said minor was given to the plaintiff, Mrs. A. W. Powell, and awarded by the Court as set out in said judgment offered in evidence, was still in force and effect and that by said judgment, plaintiff, Mrs. A. W. Powell, had a vested interest in the custody of the child and that the remarriage of the defendant and the father of the said child did not affect the custody in any way with reference to the plaintiffs in this case; and the Court hereby finds that the second judgment granted in the divorce case between the defendant and her former husband, James Martin, did not affect the custody of the child for the reason that Mrs. A. W. Powell and A. W. Powell * * * were not parties to said cause of action nor the judgment rendered in said divorce suit, and that he would hold that the first judgment rendered on the 17th day of April, 1944, awarding the care and custody of Maggie Jean Martin was a valid and final judgment, and still in force and effect with reference only to the care and custody of said minor, Maggie Jean Martin, and that the order of the Court on January 12, 1945, awarding the care and custody to defendant, Mattie Miller, was of no force and effect only as to the awarding of care and custody of said minor, Maggie Jean Martin.

"The court further stated to both sides that such would be his holding and judgment; that they could introduce all the proof they wanted to, but that would be his judgment, whereupon counsel for the defendant, Mattie Miller, asked for his action upon her special exceptions filed herein, as well as her plea in abatement, whereupon the Court stated he would overrule the plea in abatement and all the exceptions to which action the defendant, Mattie Miller, in open court objected to the ruling of the court.

"It is therefore, the order, judgment and decree of this Court that the judgment rendered on the 17th day of April, 1944, by the 96th District Court, Tarrant County, Texas, which gave the plaintiff, Mrs. A. W. Powell, the care, custody, control and management of said minor, Maggie Jean Martin, is a valid and final judgment and is still in force and effect and that the same takes precedence only as to the care, custody, control and management of said minor or over the judgment rendered on the 12th day of January, 1945, and that Mrs. A. W. Powell, the plaintiff herein, has a vested interest in the child by virtue of said judgment rendered on the 17th day of April, 1944, which has never been divested from her and that said child be placed in the possession, care, control and management of Mrs. A. W. Powell, and the writ of habeas corpus is hereby granted to Mrs. A. W. Powell as prayed for."

█ Mrs. Miller has appealed. See Conyer v. Burckhalter, Tex.Civ.App., 275 S.W. 606, 609, and Legate v. Legate, 87 Tex. 248, 28 S.W. 281.

█ Appellant contends the court erred in holding that the second (1945) divorce judgment, in which she was awarded custody of Maggie Jean, did not compel a judgment awarding custody to Mrs. Miller. Mrs. Powell, to whom the custody of the child was awarded by the first (1944) divorce judgment, according to appellant's pleadings and the undisputed evidence, was not a party to the second suit, therefore, she was not bound by the 1945 judgment. 25 Tex.Jur. 681.

Appellant further contends the court erred in restoring Maggie Jean to the cus-

tody of Mrs. Powell because the remarriage of Mattie and James Martin, after rendition of the first divorce decree in 1944 in which custody was awarded to Mrs. Powell, had the effect of setting aside the provision of the first judgment awarding custody of the child to Mrs. Powell. In support of that contention, appellant cites the following statement from 19 C.J. 349:

"Remarriage of the parents annuls the divorce and restores the parents to their rights over their children as if they had never been divorced." See also, 27 C.J.S., Divorce, § 323.

Substantially the same statement is quoted from 17 Am.Jur. 527. Both texts cite only Cain v. Garner, 169 Ky. 633, 185 S.W. 122, L.R.A.1916E, 682, Ann.Cas.1918 B, 824. Appellant also cites Oliphant v. Oliphant, 177 Ark. 613, 7 S.W.2d 783, 786.

We think the quoted rule is applicable only where the custody of a child is awarded to its father or mother and the parents thereafter remarry. Remarriage of the parents could not affect the rights of a third person acquired by the divorce judgment. Mrs. Powell's right to the custody of Maggie Jean, granted to her by the first (1944) divorce judgment, was not affected by the judgment in the subsequent divorce suit because Mrs. Powell was not a party thereto. 25 Tex.Jur. 681.

Appellant further contends that the court erred in refusing to hear and consider evidence. The record does not show that the court refused to hear any evidence. It shows merely that the court announced to all parties that he was of the opinion that custody of Maggie Jean Martin was controlled by the 1944 judgment. The court expressly offered to hear evidence but stated that his judgment would be based upon said conclusion. The record reflects that soon thereafter the parties closed their case. No evidence was offered as to the fitness of the parties to have custody of the child, of changed conditions, or as to what would be to the best interest of the child, other than the two divorce decrees. We think reversible error is not shown.

The judgment is affirmed.