## JENKINS v. FOLLOWELL, Judge et al.
### No. 36170.

Supreme Court of Oklahoma.
Nov. 3, 1953.

Harley Van Cleave & Raymond B. Thomas, Tulsa, for petitioner.

Joe K. Page, Poteau, for intervenor.

O'NEAL, Justice.

Upon a duly verified petition for a writ of prohibition we granted an Alternative Writ of Prohibition against Clyde M. Followell, Judge of the District Court of LeFlore County, Oklahoma. The respondent has not filed an answer to the Alternative Writ so issued.

Loyce Howard Jenkins has intervened by filing an Answer and Response to the Alternative Writ in which he states that he was the defendant in the divorce action in which petitioner obtained a decree of divorce on the 4th day of October, 1948, in the District Court of LeFlore County, Oklahoma, under which decree the petitioner was awarded the custody of their minor child, Cynthia Carol Jenkins. Intervenor further alleges

that the marital status of petitioner and intervenor has always been in LeFlore County, by reason of the court's decree relating to said minor.

It is further alleged that petitioner entered her general appearance in the District Court of LeFlore County by filing a demurrer to the intervenor's motion to modify the decree, and that such general appearance estops petitioner from challenging the court's jurisdiction. In support of the Writ of Prohibition, petitioner challenges the power and authority of the Judge of the District Court of LeFlore County, Oklahoma, to make a judicial determination of the present marital status of petitioner and the custody of the minor child of petitioner and her former husband, the intervenor.

The transcript of the record discloses that petitioner on October 4, 1948, was granted a decree of divorce from Loyce Howard Jenkins in case No. D–375 in the District Court of LeFlore County, Oklahoma, and was granted the custody of their minor child, Cynthia Carol Jenkins.

In April, 1950, petitioner and her former husband entered into a common law marriage and from said marriage another child was born in March, 1951. On the 31st day of March, 1953, petitioner obtained a divorce from Loyce Howard Jenkins in the District Court of Tulsa County, Oklahoma. That decree recited that petitioner and Loyce Howard Jenkins had entered into a common law marriage in April, 1950, at Poteau, Oklahoma, and that a child was born of said marriage. Petitioner was awarded custody of the two children born during said marriages.

After the suit for divorce was filed in the District Court of Tulsa County, and after service of summons the hearing on defendant's motion in the District Court of LeFlore County was continued pending determination of the cause in Tulsa County. On March 24, 1953, trial was had in the District Court of Tulsa County, in which both parties participated and thereafter on March 31, 1953, plaintiff was granted a divorce by said court.

On the 27th day of July, 1953, Loyce Howard Jenkins filed a motion to modify the divorce decree entered on October 4, 1948, in the District Court of LeFlore County, which motion is presently pending in said court. In that motion Loyce Howard Jenkins alleged that Cynthia Carol, their daughter by their first marriage, was not receiving adequate care and that the petitioner was not a proper or suitable person to rear said child. The prayer is for an order modifying the decree granting him custody of Cynthia Carol.

Upon the hearing of the motion to modify the decree of October 4, 1948, the respondent, the Trial Judge of LeFlore County, Oklahoma, made the following finding: That the District Court of Tulsa County, Oklahoma, on March 31, 1953, entered a decree in favor of the petitioner and against Loyce Howard Jenkins, granting petitioner a decree of divorce, upon a finding that petitioner and Loyce Howard Jenkins had entered into a common law marriage at Poteau, Oklahoma, in April, 1950, and that petitioner was entitled to a divorce based upon said common law marriage, and that the decree granted petitioner the custody of the children born during said marriages.

Upon such a finding the respondent, as the Trial Judge, held that the District Court of LeFlore County was the proper court to hear and determine whether, in fact, there was a common law marriage consummated by the parties in LeFlore County, Oklahoma, and thereupon assumed jurisdiction to hear and determine that issue.

The question thus posed is whether the District Court of LeFlore County, under the circumstances, has jurisdiction to re-examine the issue of whether there was a common law marriage between petitioner and her husband, or whether that issue is foreclosed by the divorce decree obtained by petitioner in the District Court of Tulsa County, Oklahoma.

The transcript of the record containing the decree entered by the District Court of Tulsa County, discloses that Doris Jenkins, the petitioner here, and her husband, Loyce Howard Jenkins, appeared before the court in person and by counsel and that both

parties introduced evidence in said cause. The court made a finding that the petitioner was a bona fide resident of Tulsa County, Oklahoma, and a resident in good faith of the State of Oklahoma for more than one year prior to the filing of the petition; that said parties had previously married in March, 1947, and that Cynthia Carol was born of said marriage on February 9, 1948; that on October 4, 1948, petitioner obtained a decree of divorce in the District Court of LeFlore County, Oklahoma, dissolving said marriage; that thereafter in April, 1950, the parties entered into and established a common law marriage at Poteau, Oklahoma, and that said relationship still exists; that of said common law marriage Elizabeth Marlene Jenkins was born. The decree granted the petitioner an absolute decree of divorce upon the grounds of extreme cruelty and gross neglect of duty and awarded the two minor children of said marriages to the petitioner.

Intervenor here contends that the District Court of LeFlore County, Oklahoma has jurisdiction to modify its former decree with reference to the care and custody of the minor child, notwithstanding that petitioner has obtained a subsequent decree of divorce from the intervenor.

In this connection the intervenor contends that the original motion to modify the decree, entered in the District Court of LeFlore County, Oklahoma, was filed two days prior to the filing of the petitioner's action for divorce in the District Court of Tulsa County, Oklahoma, and that, therefore, the LeFlore County District Court had jurisdiction to hear and determine whether, in fact, the parties had entered into a common law marriage; that motion is not shown in the transcript. The amended motion indicates it was filed on the 27th day of July, 1953. Under our view of the applicable law this contention is without merit.

Intervenor contends that the LeFlore County District Court had jurisdiction to hear the motion, and in support thereof cites the cases of Willbrook v. Worten, Judge, 137 Okl. 148, 278 P. 388 and McAdams v. District Court of Oklahoma County, 197 Okl. 237, 169 P.2d 1011. In the latter case we held:

"Where a plea to the jurisdiction of a court is interposed because of another action pending between the same parties on the same alleged facts and wherein the parties may obtain full, complete, adequate and final relief on all issues in the first court, and where an intolerable conflict of jurisdiction would arise if both courts are permitted to act, a writ of prohibition is proper to prohibit the second court from exercising its jurisdiction."

Conceding, without deciding, that the motion to modify the divorce decree entered in the LeFlore County District Court was filed prior to the institution of the divorce action in the Tulsa District Court, the rule announced in the cited cases does not defeat petitioner's grounds for the writ.

When petitioner and Loyce Howard Jenkins entered into their common law marriage, the divorce decree of the LeFlore County District Court was annulled, and petitioner and her husband thereafter were restored to their rights over their children as if they had never been divorced.

In 27 C.J.S., Divorce, § 314 at page 1181, it is stated:

"Remarriage of the parents annuls the divorce and restores the parents to their rights over their children as if they had never been divorced, and in a subsequent divorce action custody can be awarded differently than in the first proceedings."

In 27 C.J.S., Divorce, § 323, at page 1253, it is said:

"A remarriage between the parties themselves ordinarily terminates the jurisdiction of the court with respect to maintenance of their children."

In Dunlap v. Dunlap, 88 Okl. 200, 212 P. 608, this court held:

"Parties to a divorce action may remarry again within six months after the divorce is granted and remarriage may be shown by facts from which a common-law marriage may be presumed.

\* \* \* \* \* \*

"After the remarriage of the parties, their relation to their children and their duty to furnish support for the children became exactly as they were before the divorce, and upon a showing of re-marriage judgment for the custody of the children and an amount for their support should be vacated."

The following cases support the rule announced in Dunlap v. Dunlap, supra. Lowe v. Lowe, 53 Wash. 50, 101 P. 704; Oliphant v. Oliphant, 177 Ark. 613, 7 S.W. 2d 783; Cain v. Garner, 169 Ky. 633, 185 S. W. 122, L.R.A.1916E, 682.

 The District Court of Tulsa County had jurisdiction of the persons of Doris Jenkins, the petitioner, and Loyce Howard Jenkins, the intervenor, and had jurisdiction of the subject matter of the divorce and the custody of their minor children; that decree is not challenged by the intervenor. The LeFlore County District Court and the Judge thereof was without jurisdiction to re-examine the validity of the Tulsa District Court decree under the record here presented.

It is therefore ordered that the Peremptory Writ of Prohibition be issued as prayed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON and WILLIAMS, JJ., concur.

BLACKBIRD, J., concurs in conclusion.