**BEWLEY v. BEWLEY.**

No. 35851.

Supreme Court of Oklahoma.

Dec. 22, 1953.

Rehearing Denied Feb. 2, 1954.

T. Austin Gavin, Tulsa, for plaintiff in error.

Poe, Murdock & Langford, Tulsa, for defendant in error.

ARNOLD, Justice.

This is an appeal from a judgment and decree of the District Court of Tulsa County granting Leone W. Bewley, plaintiff, a divorce from J. K. Bewley and making a property settlement between the parties. Plaintiff brings this appeal on the sole ground that the property settlement is inequitable and contrary to law.

Pertinent to the issues here involved, plaintiff's evidence tends to show that plaintiff and defendant were married originally on April 15, 1928, and lived together as husband and wife until August 30, 1946, on which date plaintiff obtained a divorce from defendant; that in the decree of divorce plaintiff was awarded the home of the parties and thereafter defendant executed a quitclaim deed to the property to plaintiff; that some sixteen months later, on December 24, 1947, the parties remarried; that the present action for divorce was commenced on May 6, 1952; that the lot on which the home of the parties was built cost $1,500, $1,250 of which was paid by plaintiff's father and the balance by defendant; that after the home was built defendant made payments on the mortgage for several years; that then plaintiff's father paid off the balance due on the mortgage, $5,100; that the house was nicely furnished; that almost all of the furniture in the home had been given to plaintiff by her father; that defendant had evaluated these furnishings at $12,000 but plaintiff did not think they could be sold for that; that plaintiff had

had the house appraised and the appraisers had set a value of $27,500 on it; that defendant had not paid any taxes on the property since their remarriage and at the time of the trial there was approximately $1,000 due in back taxes; that in 1948 defendant had an income in excess of $12,000, in 1949 in excess of $7,000, in 1950 in excess of $12,000, and in 1951 in excess of $9,000; that at the time of trial plaintiff was 41 years of age and defendant was 57; that she had no gainful trade or profession; that she was in ill health from high blood pressure and nervous tension; that she was unable to work.

Defendant's evidence tends to show that in building the house, making repairs and improving the grounds he had invested a total of $5,285.21 since the original marriage of the parties; that at the time of the original marriage he purchased furniture in the amount of $4,000; that in his opinion the fair cash market value of the house is $40,000; that since the second marriage of the parties he had been forced to sell some property which he owned and to borrow money; that on the date of the separation of the parties he was indebted in the amount of $7,773.70; that at the time of trial he was indebted in the amount of $5,003.68; that he had used all his income and the proceeds from the sale of his property for the use and benefit of plaintiff and their son, who at the time of trial was 23 years of age; that the only property owned by the parties at the time of trial was the home of the parties, a Hudson automobile valued at $800, and a Chevrolet automobile valued at $850 which had been a gift to their son, who is now in the army; that he had paid the expenses of his son's college education during the years of the second marriage of the parties.

At the close of all the evidence the court granted plaintiff a divorce; gave plaintiff all the household goods and defendant the Hudson automobile; gave each of the parties one-half interest in the home subject to a lien in favor of plaintiff in the sum of $5,100, the past due taxes thereon to be paid equally by plaintiff and defendant; plaintiff was given a judgment for alimony in the sum of $3,000 to be paid at the rate of $50 per month and $150 attorney's fee; defendant was ordered to pay all outstanding bills and obligations incurred during the latter married life of the parties in the sum of $5,003.68.

■ Plaintiff contends that under 12 O.S. 1951 § 1278, she was entitled to be restored to all the property owned by her before her marriage or acquired by her in her own right after marriage; that the first divorce decree in 1946 and defendant's quitclaim deed to her in conformance to that decree vested the entire title to the real property here involved in her; that this was a final adjudication which could not thereafter be disturbed; that at the time of her remarriage to defendant this property was her separate property and under the statute the court should have set it apart to her free of any claim of defendant.

With this contention we must agree. In Dunlap v. Dunlap, 88 Okl. 200, 212 P. 608, we said:

"An award of property to plaintiff as her portion of the property acquired by the parties during coverture became effective at the time of the decree and should not be vacated on motion filed some months later showing a remarriage of the parties."

See also Privett v. Privett, 93 Okl. 171, 220 P. 348; Dorrance v. Dorrance, 196 Okl. 195, 163 P.2d 973.

■ Because of the incompleteness of the record, however, it is impractical for us to determine here the equities involved in a property settlement between the parties in view of our decision that the home place was the independent property of plaintiff. For instance, the record does not disclose whether during the second marriage defendant made substantial improvements on the property or how much taxes he may have paid on the property for which he should be given a lien on plaintiff's separate property; defendant was obligated to provide a home for plaintiff and the record shows they lived in plaintiff's separate property. We do not know what the rental value of the home was and whether under all the circumstances the rental value of the home would offset any such advances de-

438

fendant may have made. For this reason we feel the cause should be reversed for further hearing so that an equitable division may be made of the property in view of our decision here.

The cause is reversed with instructions to proceed not inconsistent with the views herein expressed.

HALLEY, C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

JOHNSON, V. C. J., and WELCH and O'NEAL, JJ., dissent.