No. 39,064

In the Matter of the Application of CLARA L. HEILMAN for a Writ of Habeas Corpus for JACK ARTHUR HEILMAN, Her Infant Son.

(269 P. 2d 459)

Opinion filed April 10, 1954.

*J. Francis Hesse,* of Wichita, and *L. John Callahan,* of Lakin, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, S. C. Durbin, James W. Sargent* and *Stanley E. Wisdom,* all of Wichita, were with them on the briefs for the petitioner.

*John Berglund,* of Clay Center, argued the cause and was on the briefs for the respondents.

The opinion of the court was delivered by

PRICE, J.: This is an original proceeding in habeas corpus in which the petitioner, Clara L. Heilman, a resident of California, seeks to obtain custody of her minor son, Jack Arthur Heilman.

Respondents, Fred and Marie Heilman, are the grandparents of the child, and reside in Riley County.

David W. Heilman, son of respondents, is the father of the child.

The allegations of the petition and of the answer and return thereto will appear as the facts and the contentions of the parties are related and discussed.

On August 25, 1942, Clara and David were married at Clay Center. Their son Jack was born on January 11, 1946.

In 1949 David filed an action for divorce in the district court of Riley County on the grounds of extreme cruelty and gross neglect of duty. His petition asked that custody of the child be granted to him.

Clara filed an answer in the form of a general denial, and a cross-petition in which she prayed that in the event a divorce be granted she be given the care, custody and control of their child.

On June 1, 1949, a decree of divorce was awarded to David, and custody of the child was granted to David's parents, Fred and

Marie Heilman, of Clay County, with reasonable visitation rights given to Clara. Pursuant to this decree the child lived in the home of his grandparents.

On October 20, 1949, David and Clara were remarried to each other at Manhattan, and within a few days thereafter left for California to make their home, taking their son Jack with them.

It appears that the three lived together in California until June, 1951, at which time David and Clara again separated. Clara returned to Kansas with the child and left him with respondent grandparents for a couple of days. Following this she took the child and departed, their whereabouts being unknown to the grandparents and to David, who was still in California.

In September, 1951, the grandparents filed an affidavit for attachment in the district court of Riley County in which they alleged concealment of the child by Clara, and that she was in contempt of court because of her violation of the decree of June 1, 1949, granting custody of the child to them, and which judgment and decree had never been modified or set aside and was still in full force and effect.

On October 2, 1951, David filed an action for divorce in California, in which, we are advised, he alleged that the custody order made by the Kansas court on June 1, 1949, had never been modified or set aside, and that the grandparents still had legal custody of the child.

On the same date, October 2, 1951, Clara commenced a divorce action in Idaho, and we are advised that her petition did not ask for custody of the child, and alleged that custody had previously been granted to the grandparents.

Upon being served with process in the California divorce action Clara brought the child back to that state and filed a cross-complaint seeking a divorce from David. This pleading was later amended so as to ask for custody of the child.

In October, 1952, after a hearing thereon, the California court awarded temporary custody of the child to Clara. The grandparents, although not parties to the action, were personally present at that hearing.

In November, 1952, Marie Heilman, the grandmother, met the child one day while he was on his way to school and brought him back to Kansas, where he has ever since remained.

In December, 1952, the California divorce action came on for

judgment, and Clara was granted a divorce from David on her cross-complaint, and was awarded custody of the child.

David appealed from this judgment to the District Court of Appeal, Fourth District, and the decision of that court, affirming the judgment of the trial court, was filed on January 25, 1954, and is found at *Heilman v. Heilman,* 122 Cal. App. 2d 771, 266 P. 2d 148.

In the meantime, on January 18, 1953, Clara filed the instant application for a writ of habeas corpus in an effort to obtain custody of the child, who, at the time, was still residing with his grandparents in Riley County.

After the pleadings and issues were joined this court appointed a commissioner to hear the evidence and file suggested findings of fact and conclusions of law. Following a lengthy hearing thereon the commissioner filed his report with this court, his conclusion being that the application for a writ of habeas corpus should be denied.

Petitioner contends that the remarriage of the parties in October, 1949, both legally and as a matter of fact, nullified the judgment of the district court of Riley County of June 1, 1949, granting custody of the child to the respondent grandparents, and thus ended that court's jurisdiction over the parties insofar as custody is concerned; that the decree of the California court awarding her custody of the child is entitled to full faith and credit in this state; that by that decree she was found to be a fit and proper person to have custody of her child, and therefore is entitled to custody as against the grandparents and others, and that the findings of the commissioner to the effect there has been a change of conditions and circumstances since the rendition of the California decree are not supported by the evidence.

In the main, it may be said respondents contend that, the child being within this jurisdiction, the courts of this state are not precluded by the judgment of another state from inquiring into and determining what is for the best interests of such child; the custody order made by the district court of Riley County on June 1, 1949, having never been modified or vacated, remains in full force and effect, and that from all of the evidence before the commissioner it is definitely established that the best interests of the child require his retention by the grandparents.

Conceding, solely for the sake of argument, the general rule is that as between divorced parents, when the custody of their child

has been awarded to one of them, their remarriage, to each other, has the legal effect of nullifying the former custody order pertaining to the child, still, those are not the facts of this case. When petitioner and her husband were divorced in Riley County in June, 1949, neither was awarded custody of the child. Custody was awarded to the paternal grandparents, respondents here. That decree has never been vacated or modified in any way. In fact, no application to vacate or modify such decree has ever been made. It is true that upon the remarriage of the parents they took the child to California with the consent of respondents. In so consenting perhaps respondents did the only natural and normal thing— they permitted the child to go with his parents to California where the latter were about to embark upon married life all over again. The fact that in September, 1951, respondents commenced attachment proceedings against petitioner is evidence that they did not consider their relinquishment of the child to his parents, following the latters' remarriage, as a legal relinquishment and voluntary dissolution of the binding effect of the custody order previously made.

With respect to the scope and effect of the California divorce decree which granted custody of the child to petitioner, we do not read the opinion of the appellate court of that state, *supra,* as ignoring the earlier Kansas decree relating to custody. In fact, the California court recognized the Kansas decree, but, in substance, held that as the parents and child were then living in California the court had jurisdiction to render such order pertaining to custody as changed circumstances, which it found existed, warranted.

The child is now in Kansas and, by the same token, the courts of this state are not precluded by any judgment or order of a sister state from inquiring into and determining what are the best interests of the child, and in determining such question there is no breach of the full faith and credit rule relied upon by petitioner.

We think it unnecessary to encumber this opinion with a detailed review of the evidence relating to the child's life during the period between the summer of 1951 and November, 1952, when he was living with petitioner, and neither is it necessary to discuss the conflicting evidence relating to the question of fitness of petitioner to have custody of her child, or the evidence of changed circumstances subsequent to the California decree. Further, we are in no way

concerned with the Idaho divorce proceeding, for it has been established that whatever judgment was rendered in that state was subsequently set aside.

Orders pertaining to child custody always are subject to modification as circumstances warrant. The order of the district court of Riley County made on June 1, 1949, granting custody to respondents, is still in full force and effect. The doors of that court are open to assume jurisdiction of the matter upon proper application being made therefor. And, insofar as the instant action is concerned, a careful review of the evidence and of the authorities leads us to the same conclusion as that reached by the commissioner, namely, the petition for a writ of habeas corpus should be denied.

It is so ordered.