95 So.2d 77

Ex parte Patsy Ruth PHILLIPS.

4 Div. 905.

Supreme Court of Alabama.

May 9, 1957.

Robt. E. Coburn, Jr., Montgomery, for petitioner.

Jackson W. Stokes, Elba, for respondent.

MERRILL, Justice.

Petition for mandamus to review a ruling of the Honorable Eris F. Paul, as Judge of the Circuit Court of Coffee County, in Equity, dated November 21, 1956, which awarded the custody of two minor children to their father, and ordered the sheriff of Montgomery County to take the children into his custody and deliver them to the sheriff of Coffee County or to their father. We issued the rule nisi and the cause is here on the petition, exhibits thereto, the writ, and the answer of the respondent.

We state the necessary facts from the answer of respondent, because the rule is that where the circuit judge's answer to the writ is not controverted, and is well pleaded, it will be taken as true and conclusive. Ex parte Mullins, 258 Ala. 665, 64 So.2d 829, 14 Ala.Dig., Mandamus, ⊶ 164(4).

On September 10, 1955, George Calvin Phillips filed a suit for divorce in the Circuit Court of Coffee County, in Equity, against his wife, Patsy Ruth Phillips, on the ground of cruelty, and asked for the custody of their two small sons. The divorce and custody, as prayed, were granted on October 12, 1955. Shortly thereafter, Phillips moved his family to Haines City, Florida, and took a job. Patsy Ruth Phillips soon arrived there and on December 10, 1955, they remarried.

In January, 1956, the family moved to Montgomery, Alabama, and the parents separated again on July 22, 1956. Phillips moved from Montgomery to Elba and filed a bill for divorce. Patsy Ruth filed a plea in abatement, which was sustained, and the bill of complaint was dismissed.

On November 12, 1956, Phillips petitioned the Circuit Court of Coffee County, in Equity, to award the custody of their two minor sons to him, they being at that time with their mother in Montgomery. A plea in abatement was filed to this petition. The court held the plea insufficient and granted the prayer of the petition on the authority of the following statement in Ex parte Ingalls, 256 Ala. 305, 54 So.2d 288, 290:

"Without question, the court of equity, having once obtained jurisdiction over the minor children, relative to their care and custody, retains such jurisdiction during their infancy. * * *"

It is the theory of respondent that since the custody of the children was decided in the original divorce decree of October 12, 1955, jurisdiction over the minors was retained. Petitioner's theory is that remarriage of the parents with each other annuls the divorce and nullifies the provisions of the decree as to the custody of the children.

This question has not been previously presented to an appellate court in this state. It has arisen in other jurisdictions and there seems to be a unanimity among the appellate courts of other states supporting the position taken here by petitioner. We quote, with approval, from Lockard v. Lockard, Ohio Com.Pl., 102 N.E.2d 747: (The words "remarry" and "remarriage," as used, mean the remarriage of divorced parents to each other.)

"Where a decree of divorce makes provision for the custody, care, control, and support of minor children of divorced parents, during their minority, or during a less period named in the decree, the jurisdiction of the court over custody continues during such period, even though there is no express reservation of jurisdiction in the decree. Corbett v. Corbett, 123 Ohio St. 76, 174 N.E. 10.

\* \* \* \* \* \*

"But if the parties remarry they no longer have separate rights of custody which require supervision by the court. Instead there is a resumption of the same joint right to custody which antedated the separation and the divorce.

"With the parties reunited in marriage, and with their several rights of custody remerged into one common right of custody, the basis for the court's further jurisdiction ceases.

"It is generally the law that remarriage of the parents terminates a divorce court's jurisdiction over the parties and their minor children. Thus it is said in Nelson Divorce and Annulment, 2nd Edition 15.40 that ' \* \* \* if the divorced parents of minor children are reunited in lawful marriage to each other, the parental rights of each parent are restored the same as if no divorce had ever been granted, even though the custody of the children was awarded to one of the parents by the divorce decree.' Citing McAlhany v. Allen, 195 Ga. 150, 23 S.E.2d 676.

"And similarly see 27 C.J.S. Divorce § 323, page 1253, 17 Amer.Jur. 527, and McDaniel v. Thompson, Tex.Civ.App., 195 S.W.2d 202.

"Moreover the previous finding of this court that the defendant was an unfit person to have custody of the minor children, cannot prolong the jurisdiction of this court beyond remarriage. A finding of unfitness may be superseded by changed and improved conduct. Here from the remarriage it must be presumed that the plaintiff has concluded that his wife has reformed and that she is no longer an unfit custodian for his children.

"Nor does a denial of further jurisdiction in this matter set the child adrift without protection should either or both of these reunited parents neglect the child. Should that situation arise, as in any other case of serious parental neglect, the Juvenile Court is vested with ample power to rescue the child.

"For the foregoing reasons it is found that the remarriage of the parties ends this court's jurisdiction over the custody of the two minor children of these parties."

Other cases than the Georgia and Texas cases cited in the Lockard case reaching the same result are: Jenkins v. Followell, Okl., 262 P.2d 880; Oliphant v. Oliphant, 177 Ark. 613, 7 S.W.2d 783; Dunlap v. Dunlap, 88 Okl. 200, 212 P. 608; Cain v. Garner, 169 Ky. 633, 185 S.W. 122, L.R.A.1916E, 682, Ann.Cas.1918B, 824; Lowe v. Lowe, 53 Wash. 50, 101 P. 704.

There is a clear distinction between these cases and the sentence quoted from Ex parte Ingalls, supra, on which the trial court relied. Other courts hold in accord with the expression in Ex parte Ingalls. The summary in 27 C.J.S. Divorce § 314, p. 1180, reads in part:

"Jurisdiction of the court over custody continues during the child's minority and ceases after its majority. A parent's right to custody terminates in accordance with the provisions of the decree. Remarriage of the parents with each other restores their rights to the child as if they had never been divorced."

The jurisdiction referred to in Ex parte Ingalls relates to a situation where the parents are divorced, and does not, and was never intended to apply to instances where the divorced parents remarried each other.

In brief filed here on behalf of respondent, the following paragraph appears:

"Conceding further the theory as submitted by the petitioner in this cause, we would like to inquire as .to when, in the event of the re-marriage of the parties, the original divorce decree as to the custody and control of minors would be void. Suppose the Court, In Equity, had determined from the evidence that neither the mother nor the father were fit and proper persons to have the care and control of minors, and the court had awarded the custody and control of the minors to some third person, Welfare Department, or other state institutions. Under the petitioner's theory supposing there has been an adoption of a minor by a third party, under the provisions of the original divorce decree. What happens then?"

The posed question is answered in Miller v. Powell, Tex.Civ.App., 212 S.W.2d 876, and Ex parte Heilman, 176 Kan. 5, 269 P.2d 459, 461. In the latter case it was said:

" * * * When petitioner and her husband were divorced in Riley County in June, 1949, neither was awarded custody of the child. Custody was awarded to the paternal grandparents, respondents here. That decree has never been vacated or modified in any way. In fact, no application to vacate or modify such decree has even been made. It is true that upon the remarriage of the parents they took the child to California with the consent of respondents. In so consenting perhaps respondents did the only natural and normal thing—they permitted the child to go with his parents to California where the latter were about to embark upon married life all over again. * *

"Orders pertaining to child custody always are subject to modification as circumstances warrant. The order of the district court of Riley County made on June 1, 1949, granting custody to

respondents, is still in full force and effect. * * *"

It follows that the respondent should have dismissed the petition of the father for custody of the minor children, because the Circuit Court of Coffee County in Equity, lacked jurisdiction. Unless that court vacates the order of November 21, 1956, upon being advised of this ruling, the peremptory writ of mandamus will be issued.

Writ awarded conditionally

LIVINGSTON, C. J., and LAWSON, SIMPSON and STAKELY, JJ., concur.