Carolyn A. HENDERSON, Appellant,

v.

Gerald D. HENDERSON, Appellee.

No. 65730.

Supreme Court of Oklahoma.

Oct. 18, 1988.

Miller, Dollarhide, Dawson & Shaw by Jack S. Dawson, Oklahoma City, for appellant.

Doug Friesen, Oklahoma City, for appellee.

LAVENDER, Justice:

Certiorari has been granted in this case pursuant to 12 O.S. 1981 Ch. 15, App. 3, Rule 3.13(A)(3). The Court of Appeals, Division I, to which this matter was originally assigned, held that a subsequent remarriage annuls a prior divorce decree between the same parties. This decision is in direct conflict with an opinion rendered by Division II of the Court of Appeals in *Bradshaw v. Bradshaw.*[1] Because we find the opinion in *Bradshaw* to properly state the law as to the question at hand we vacate the ruling of the Court of Appeals, Division I, rendered in the present case.

---

1. 578 P.2d 762 (Okla.App.1978).

The parties in this case, Carolyn A. (wife) and Gerald D. (husband) Henderson, were first ceremonially married in 1978. That marriage ended in divorce in 1979. A second ceremonial marriage was entered into later that same year. That marriage ended in divorce in 1980. The third and final marriage occurred also in 1980. The divorce proceedings which are the subject of this appeal were initiated in 1984. In each of the preceding divorce decrees provisions were made for the division of jointly acquired property.

At trial in the present case the trial court refused to entertain the proposition that the subsequent remarriages had rendered the prior divorce decrees null and void and had thus resulted in a continuous marriage since the date of first marriage. The trial court only accepted evidence as to property jointly acquired since the date of the last marriage in determining the joint marital estate subject to division in the present proceedings. Wife appealed, presenting as propositions of error: the trial court's ruling on the validity of the prior divorce decrees; the adequacy of support alimony and alimony in lieu of property division as awarded in the divorce decree rendered by the trial court; and the trial court's refusal to provide for interest on the alimony awards to wife.

## I.

The Court of Appeals considered only the first proposition and reversed and remanded, finding that the trial court should have considered the marriage as continuous because the subsequent remarriages had annulled the prior divorce decrees. Husband petitioned for writ of certiorari to obtain review of the Court of Appeals' decision in this case. We have previously granted the requested writ.

In *Bradshaw v. Bradshaw*[2] the Court of Appeals, Division II, stated:

[T]he establishment of a subsequent common-law marriage will not reestablish the parties' previous marital relationship or vacate a prior divorce decree. The means of reestablishing the parties' previous marital relationship is found in 12 O.S. 1971 § 1288; i.e., both parties must apply to have the decree set aside. ... [A]ssuming a post divorce common-law marriage was established, this would be a new contract of marriage which would necessitate an entirely new and separate divorce suit, and could not be litigated by motion to vacate a judgment entered in a divorce of a different marriage. ...

In the case of *Rice v. Rice*,[3] this Court, in addressing a finding by the trial court that subsequent cohabitation by those parties had rendered a prior divorce decree null and void, held that a valid divorce decree could only be modified, set aside or vacated pursuant to statutory provisions (citing 12 O.S. 1971 § 1031).

The motion to vacate in *Bradshaw*, however, was addressed to the property division provisions of the prior divorce decree, and in *Rice v. Rice*, this Court recognized as unquestionable that the subsequent remarriage of the parties would have terminated the support alimony obligation imposed by the divorce decree. The cases relied on by the Court of Appeals, *Jenkins v. Followell*,[4] and *Thomas v. Thomas*,[5] dealt with obligations to pay child support and held that the provisions of the decree imposing those obligations were annulled by the subsequent remarriage and reunification of the family.

What these cases indicate is that there is a distinction to be drawn between those aspects of a divorce decree which deal with property division and those aspects which deal with support obligations. In the case of subsequent remarriage of the parties new obligations of support arise from the new marriage contract which this Court has found properly supercede the obligations imposed under the prior divorce decree. The questions involved in property division, however, are of an entirely different nature. The law recognizes that what

---

**2.** 578 P.2d at 764.

**3.** 603 P.2d 1125, 1127 (Okla.1979).

**4.** 262 P.2d 880 (Okla.1953).

**5.** 565 P.2d 722 (Okla.App.1976).

the parties bring into a marriage retains its own character as individual and not joint property. In a case where the parties have divorced and have as individuals, received a share of the formerly jointly acquired property there is no reason to find that that property should lose its character as individual property upon remarriage. This is especially true since in the interim between marriages the rights of third parties are likely to have become involved with the properties divided.[6]

What has been previously recognized implicitly as the law in this jurisdiction we now state explicitly. The property division provisions of a divorce decree stand inviolate by actions of the divorced parties, including the remarriage of those parties, unless the action taken is to vacate, set aside or modify the decree in a manner authorized by statute.[7] The support provisions of the divorce decree, however, in that they do not provide for immediate vested rights in the parties for the support awarded, but instead provide for a vesting of rights as the individual payments become due,[8] stand subject to remarriage of the parties giving rise to new contractual obligations of support which supercede the obligations imposed by the divorce decree.[9]

The case of *Carson v. Carson*,[10] insofar as it would appear to indicate that subsequent remarriage of the parties annuls the property division aspects of a prior divorce decree, is specifically overruled.

For the reasons above stated we find no error in the trial court's refusal to receive evidence regarding wife's claims that the property subject to division in the prior divorce decrees, which stand as valid judgments unassailed by proper procedures should now be considered as joint property of the latest marriage.

## II.

We next turn to the issues raised by wife on appeal but left unaddressed by the Court of Appeals.

Wife first challenges the adequency of the award of alimony in lieu of property division. The trial court awarded wife $60,000, finding that wife had brought $41,700 into the marriage as her share of the sale of a house as awarded under one of the prior divorce decrees and awarded her a further $18,300 to balance the division of property from the current joint marital estate.

Wife argues that the award of alimony in lieu of property division is inadequate because she received no credit for the value of the house occupied during the last marriage, or from the value of a ranch or for other money given by her to husband. Wife, however, does not appear to argue that the trial court's assessment of the marital estate was erroneous except for the valuation of residence last occupied and the valuation of a ranch property near Woodward, Oklahoma.

Wife's claims regarding the residential property seem to be based on three points: 1) that the property was acquired during the marriage; 2) that her separate money was used in its acquisition; and/or 3) that she had contributed to an increase in its valuation. The evidence before the trial court, though disputed, supports the finding that the property was acquired by the husband in his name only between the date of the second divorce and the date of the third marriage. Wife appears to concede that the funds she had contributed toward the purchase of the house had been used by husband for other purposes and that she

6. *Dunlap v. Dunlap*, 88 Okl. 200, 212 P. 608 (1923).

7. See *Dunlap v. Dunlap*, supra, in which this Court held that remarriage of the parties would have no effect on the prior divorce decree's property division provisions. And see *Bewley v. Bewley*, 266 P.2d 436 (Okl.1954); See also *Chapman v. Chapman*, 692 P.2d 1369, 1374 (Okla. 1984) where this Court recognized that the effect of a divorce decree was to extinguish all

pre-existing rights of the parties arising out of the prior marital relationship as to property divided by the decree.

8. *Nantz v. Nantz*, 749 P.2d 1137, 1140 (Okla. 1988).

9. See *Dunlap v. Dunlap*, supra, note 6.

10. 143 Okl. 274, 288 P. 475 (1930).

had received these funds back as part of the property division. Finally the evidence would show that wife's contribution to the value of the residence consisted only of some housekeeping and consultations with a decorator.

Regarding the value of the ranch, the evidence supports husband's contention that the indebtedness on the ranch property exceeds its value for all purposes.

Finally, wife argues that she should be recompensed for other financial aid given husband between the second divorce and the third marriage. It appears that wife gave husband these funds to invest on her behalf in an account in his name. At trial wife was unclear as to whether she had been repaid this money or as to what had happened to the account.

Upon review of the evidence we do not find that the trial court abused its discretion in dividing the property which could properly be considered jointly acquired in the course of the last marriage.[11]

### III.

Finally, the wife complains that the trial court erred in awarding her too little support alimony and in refusing to provide for interest on the property and support alimony awards. We first note that the provision of interest on such awards is a matter of the trial court's discretion. Wife asserts that husband is in a position to pay the awards as lump sums and the allowance of periodic payments without interest lessens her award and is thus an abuse of discretion. The total of both support and property alimony awards to wife is in the amount of $117,000. The trial court ordered that $41,700 should be paid in a lump sum *if* the husband sold his residence. The evidence before the trial court, and as apparently accepted in the court's judgment, would indicate that husband was not in a present position to make

the lump sum payments as claimed. We thus find no abuse of discretion.[12]

Wife in this case was awarded the sum of $57,000 in support alimony payable at $2,000 per month for six months, $1,500 per month for the next six months and $1,000 per month thereafter. Wife indicated at trial that she had worked as a real estate broker prior to the marriage and was reentering that business since the last breakup of the marriage. Her claim for a greater alimony award is simply that the present award is inadequate to maintain the lifestyle to which she and her children by a previous marriage are accustomed. Although her children appear to be adults, wife appears to claim that both she and they should be supported to the same degree by husband that they were prior to the divorce. Wife's argument on this point does not indicate the nature of her need for maintenance beyond the award already made to her, nor does it recognize her own income producing capacity or the time necessary to make the transition to self-support. In the absence of such evidence we will presume the correctness of the trial court's provision for wife's needs.[13]

### IV.

The memorandum decision by order rendered by the Court of Appeals, Division I, in this matter is *VACATED*. The judgment of the trial court is *AFFIRMED*.

HARGRAVE, V.C.J., and SIMMS, OPALA and ALMA WILSON, JJ., concur.

DOOLIN, C.J., and HODGES, KAUGER and SUMMERS, JJ., dissent.

**11.** *Stansberry v. Stansberry,* 580 P.2d 147 (Okla. 1978).

**12.** See *Primrose v. Primrose,* 663 P.2d 755 (Okla. App.1983).

**13.** See *Johnson v. Johnson,* 674 P.2d 539 (Okla. 1983).